## WESLEY BERRY *v.* JAMES W. BERRY.

**Deed Construed to be a Mortgage.**
> A deed absolute on its face may be shown to have been executed as a mortgage and to secure a debt.

**Direction of Sale of Land.**
> It is the better practice for the court to direct the time and place of sales of real estate ordered by it; still the mere omission to direct when the land should be sold is not a reversible error.

APPEAL FROM BOURBON CIRCUIT COURT.

October 12, 1877.

OPINION BY JUDGE ELLIOTT:

Appellant, Wesley Berry, on the 15th of July, 1875, executed his promissory note to appellee, by which he promised to pay him $2,725 and to pay the taxes on a tract of land that day purchased by appellee, and also put a new roof on the dwelling house erected on the land.

The note was due four years from date with interest from date at the rate of ten per cent., payable quarterly, and appellant bound himself in default of performance on his part of the agreement, as the note was for the purchase money of the land, to rescind the contract of purchase and deliver the possession of the land to the appellee.

In his answer to this suit, which is to recover unpaid interest on the note executed for the land, the appellant alleged that he had bought the land for which he executed the note sued on from Thomas and Martha Ratliff at $100 and had paid them all but the amount of the note sued on, and to raise this balance he proposed to appellee to deed him the land and pay him ten per cent. for a loan of it for four years, the deed to be held as a security for the money, which proposal appellee accepted, and the deed was made to him, and although absolute on its face was only intended as a security for the note sued on. He makes this answer a cross-petition, and asks that the deed be construed to be only a security for the money borrowed, and avers that he had roofed the house and paid the taxes

according to his contract.   The court refused to rescind the contract, but rendered judgment enforcing a lien on the land for the unpaid interest due appellee after having sustained a demurrer to appellant's answer.

Although the court may have erred in sustaining a demurrer to appellant's answer, we can not see how he is prejudiced by it in this suit.   His answer was no defense to the interest due on the note sued on, and that was all that was adjudged by the court.   When the note due appellee falls due and appellee attempts by reason of its non-payment to get possession of the land under appellant's deed to him, then appellant can show that the deed was only intended by the parties to it to be a security for the money borrowed by him from appellee.

The only other question is, did the court commit a reversible error by directing the land to be sold at a time to be fixed by its commissioner.   Although it is a better practise for courts to direct the time and place of sales of real estate, yet the mere omission to direct when the land should be sold is in our opinion not a reversible error.

Wherefore the judgment is *affirmed.*

*J. W. Anderson, for appellant.   G. C. Lockhart, for appellee.*