## Hazel v. D. O'Connell Dougherty and Mary Nettie Dougherty.

(Decided January 30, 1925.)

### Appeal from Daviess Circuit Court.

1. Fraudulent Conveyances—Husband, Without Consideration, Turning Over Purchase of Realty to Wife, has Equity for Excess of Value Over Price Subject to His Debts.—Husband, purchasing property at less than its actual value, who without consideration turns purchase over to his wife, has equity in property which can be subjected by creditors to payment of his debts to amount of excess value over purchase price.

2. Fraudulent Conveyances—Burden of Proving Husband Paid for Property Purchased by Wife is on Judgment Creditor.—Burden of proving that husband paid for property purchased by wife is on husband's judgment creditor seeking to subject property to husband's debts.

3. Fraudulent Conveyances—Evidence Held to Show Money Paid for Property Purchased by Husband in Wife's Name Belonged to Wife.—Evidence held to show that money paid for property purchased by husband in wife's name belonged to wife.

4. Limitation of Actions—Property Given to Wife by Husband More than Five Years Before Suit Brought Not Subject to Claims of Husband's Creditors.—Property paid for with husband's money given to wife more than five years before action by judgment creditors was commenced could not be subjected to husband's debts.

5. Evidence—Existence, Execution, and Contents of Writing Not Forming Foundation of Action, though Material Thereto, Provable by Parol.—Where execution, existence, or contents of writing does not form foundation of action, though material thereto, and where purpose of such evidence is not to maintain or destroy

any right involved in action, execution, existence, and contents of writing may be proved by parol.

BIRKHEAD & WILSON and VANCE & HEILBRONNER for appellant.

W. P. SANDIDGE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The plaintiff below having lost his case, is appellant here. On January 3, 1916, the master commissioner of the Daviess circuit court offered for sale a lot fronting sixty feet on Frederica street in Owensboro, Kentucky. The appellee, D. O'Connell Dougherty, was the successful bidder at the sale, and the property was knocked off to him at the price of $3,500.00. He told the master commissioner that he was purchasing this property for his wife, the appellee, Mary Nettie Dougherty, and the purchase money bonds were signed by Mrs. Dougherty and by Henry Cline, her surety. She made payments thereon as follows: In March, 1916, $85.00; in July, 1916, $417.00; August 7, 1916, $54.50; August 7, 1916, $102.00; September 16, $500.00; December 2, $81.32.

About the first of the year 1917, Mrs. Dougherty and her husband mortgaged this property to the Central Trust Company for something like $2,300.00, and the money was used to finish paying the bonds to the commissioner.

On June 18, 1909, W. S. Hazel recovered a judgment in the Daviess circuit court against D. O'Connell Dougherty for $609.59, with interest from December 2, 1908. Execution issued upon that judgment was returned "No property found." On March 8, 1917, W. S. Hazel began this action against appellees in the Daviess circuit court, in the hope of collecting his judgment and sought to subject this lot on Frederica street to the payment of the judgment. An attachment was issued, and this lot was levied on as the property of D. O'Connell Dougherty. Dougherty and his wife answered and asserted that the lot in question belonged to the appellee, Mary Nettie Dougherty. While appellant has a judgment against Mr. Dougherty he has no claim whatever against Mrs. Dougherty, hence, if Mr. Dougherty has no interest in this lot the appellant cannot succeed.

Appellant's first contention is that when a husband purchases property at less than its actual value and,

without any consideration, turns said purchase over to his wife, the husband has an equity in that property which can be subjected by his creditors to the payment of his debts, to the amount of the excess of the value over the purchase price. This contention is sound, but it cannot avail appellant, for the reason that the proof fails to show that the husband purchased the property. It is true, he did bid in the property, but he told the commissioner he was buying for his wife, and she executed the bonds therefor. In his petition, appellant alleged that the husband paid for this property with his own money, but the proof fails to show that, and the burden was upon appellant to make that showing.

The evidence shows that the husband has not been very thrifty. He has been industrious, and has always had employment, but has never been successful in any of his business ventures. His wife, either as a result of natural inclination or driven thereto by necessity, has, as the record shows, been a very hard working woman, and has been rather successful in a small way. Mrs. Dougherty operated a dairy. She began with one cow, and gradually increased the number, until at one time she had as many as fifteen cows. She did the work in connection with this dairy herself. The proof shows that with the assistance of a colored girl who has lived with appellees for several years, Mrs. Dougherty would begin milking at about four o'clock in the morning, and again at one o'clock in the afternoon. At first this girl walked to the houses of the customers to deliver the milk. Later, as the business was extended, Mrs. Dougherty bought a wagon. The milk tickets bore the name of Mrs. Dougherty, the wagon bore her name, and the business was conducted in her name.

In connection with the dairy, Mrs. Dougherty kept a number of chickens, and sold the products of her poultry yard as well as the products of the dairy. Besides attending to her household, her dairy and poultry business, Mrs. Dougherty found time to make bonnets, aprons, and other articles of clothing, as well as to do embroidery work. The girl sold these articles for Mrs. Dougherty.

The property attached is the ultimate result of her industry. There was some proof that at the time Mrs. Dougherty started into the dairy business, about twenty years ago, Mr. Dougherty may have bought one or two cows, and there was some proof that he bought cows later, but in his evidence, he says that they were bought with

his wife's money. Granting that they were bought with his money, any property that he may have bought and paid for with his own resources and given to his wife more than five years before the institution of this suit cannot now be reached by the appellant's efforts.

Appellant was at great disadvantage in this suit. He was trying to prove who had furnished the money to buy this property, the title of which was in Mary Nettie Dougherty, and as that was a matter about which he knew nothing and about which they knew everything, they had the advantage of him. As a result of that advantage, the appellees have abundantly shown that all of the money used to pay for the property in question is the result of the industry and thrift of Mrs. Dougherty.

Appellant complains about the evidence which the court permitted to be introduced; particularly does he complain of the action of the court in allowing Mr. Dougherty to state that his wife had made $550.00 upon the sale of certain property situated on Griffith avenue to Dr. Stirman. It is claimed that Mrs. Dougherty owned this property on Griffith avenue by title bond, and the appellant contends that the title bond was the best evidence as to who owned the property, and objected to the husband's being allowed to testify about the matter. Of course, if the title bond had been produced it would have settled the question of the ownership of the property conclusively; but it is generally held that the best evidence rule does not apply to writings collateral to the issue. So, where the execution or existence of a writing, as distinct from its contents, does not form the foundation of the action, although it is material to the controversy, and where the purpose of the evidence is not to maintain or destroy any right involved in the action, the production of the writing is not required, but its execution and existence may be proved by parol. Upon the same principle, where the contents of a writing are not directly in issue, the matters contained in the writing may be proved by parol evidence without accounting for the failure to produce the writing, and *a fortiori* the subject of documents which are not the foundation of the action may be proved by parol.

Quite a bit of proof is directed to the question of just who paid for this Griffith avenue property, but as it was purchased in 1904, it makes no difference if Mr. Dougherty had paid every cent of it, and had the title taken to his wife; the appellant cannot complain because

Mr. Dougherty at that time did not owe appellant anything, and if he owed appellant nothing, Dougherty could give his wife the last cent he had, and appellant could not complain of it, even though he gave her a million dollars. The burden was on appellant to show that this Frederica street property was paid for by Mr. Dougherty's money. His proof fails entirely; but if the burden had been upon the appellee, Mrs. Dougherty, to show that she had paid for it, with her money, the evidence would have sustained her title. The appellant failed to make out his case. The trial court so found. No error appears in the record, therefore the judgment is affirmed.