## Highbaugh, et al. v. Nolan, et al.

(Decided March 13, 1925.)

### Appeal from Harlan Circuit Court.

1. Vendor and Purchaser—Vendor who Wrongfully Remained in Possession was Not Entitled to Compensation for Renting Property or for Improvements.—Vendor, who wrongfully remained in possession after he should have given possession to purchasers on their tender of price, was not entitled, in purchasers' action for value of use of property for period during which it was wrongfully withheld from them, to compensation for services in renting property, or for improvements made during such period.

2. Vendor and Purchaser—Reasonable Rental Value Held Matter in Issue in Action for Wrongful Withholding of Possession.—In purchasers' action against vendor who wrongfully withheld possession for value of use of property, the reasonable rental value of the property for period during which it was wrongfully withheld, and not amount for which it was rented during such period, was the question in issue.

3. Vendor and Purchaser—Evidence as to Amounts Received for Property Held Inadmissible in Purchasers' Action Against Vendor for Wrongfully Withholding Possession.—In purchasers' action against vendor for value of use of property for period during which vendor wrongfully withheld possession, evidence as to amounts paid for and received for the property by vendor and purchasers, and as to time when such amounts were received, held inadmissible.

4. Vendor and Purchaser—Vendor Entitled to Credit for Taxes Paid in Purchasers' Action for Value of Use of Property if Not also Paid by Purchasers.—Vendor, who paid taxes for period during which he was wrongfully withholding property which it was purchasers' duty to pay under Ky. Stats., section 4023, was entitled to credit for amount so paid in purchasers' action for value of use, if purchasers failed to pay such taxes, but was not entitled to credit therefor, though he actually paid taxes, if also paid by purchasers.

HALL, JONES & LEE for appellants.

J. S. FORESTER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

By their oft amended petition, appellants sought judgment against J. W. Nolan for $1,462.50 for the use of certain property in Harlan, Kentucky, from October 11, 1919, to October 4, 1920, and for $3,180.00 for its use from May 6, 1921, to February 12, 1923, on which they recovered $1,600.00. They also sought judgment against J. W. Nolan and M. G. Smith for $883.33 for the use of this property from October 4, 1920, to May 6, 1921, on which they recovered $280.00. Dissatisfied with their recoveries, appellants asked for a new trial. It was denied them by the trial court, and they are asking for it here.

By reference to 196 Ky. 563, 245 S. W. 146, it will be seen that J. W. Nolan sold a house and lot in Harlan, Kentucky, to appellants. When they tendered Nolan the money for this house and lot he refused to carry out the

contract, and remained in possession of the property, rented it out and received and retained the rents therefrom, until February 12, 1923, when in compliance with the mandate of this court, he conveyed appellants the property, and delivered possession to them. This suit is for the value of the use of this property from the time he should have given possession until he actually did give possession. On October 4, 1920, M. G. Smith signed with Nolan a supersedeas bond which continued in force until May 6, 1921, and the claim for $883.33 covers the use of this property during that period.

Nolan did wrong in remaining in possession, and being a wrongdoer, he was entitled to no pay for his services in renting the property nor for any improvements he made on it, and the giving of instruction No. 4, submitting such to the jury, is the cause of this reversal. The only question in issue was the reasonable rental value of this property, and the evidence should have been confined to that. What Nolan rented it for is not in issue. He may have arbitrarily kept it vacant. There should have been no evidence heard about what Nolan paid for or got for this property, nor when he got this money, nor what appellants paid for or got for this property, nor when they got that money.

Aside from the value of the use of this property, there is only one matter about which any evidence should have been heard, and that is this: Under section 4023 of the statutes, it was the duty of appellants, in the year 1921, to pay the taxes on this property, based on the assessment made July 1, 1920, and in like manner, they should have paid the taxes in 1922, based on the assessment made in 1921. If they did not do this and Nolan did, then Nolan should have credit for the sums so paid in those two years, and for which he may produce receipts; but if appellants paid these taxes in 1921 and 1922, then Nolan should have no credit for taxes, even though he should prove that he also paid taxes on this property in those years.

When this case is tried again, and the jury, by its verdict, fixes the value of the use of this property, then the court will, in its judgment, allow appellants interest upon such sums from the average due date thereof.

The judgment is reversed, with directions to award the appellants a new trial and for proceedings consistent herewith.