## Stewart v. Gearhart.

(Decided March 10, 1933.)

WOODS, STEWART, NICKELL & SMOOT and THOMAS BUR-CHETT for appellant.

A. N. CISCO for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

On March 17, 1924, Frank Stewart and his wife ex-

ecuted a deed, in consideration of $5,745 to F. M. Gear-hart, for the tract of land on which they had lived for many years in Boyd county, containing about 207½ acres. On March 25, 1925, Gearhart and wife executed a deed to Frank Stewart by which they conveyed the land to him in consideration of $8,000, $2,000 in hand paid and a note for $6,000. On the same day, Stewart and Gearhart signed a written agreement setting out the above deed and adding these words:

"Whereas, it is the intention of the parties to this instrument that first party shall procure from the Federal Land Bank of Louisville a loan on said land to make payment or part payment of the note for $6,000, recited in the deed above referred to;

"Now, should first party fail to procure said loan or fail from any other cause to meet said note at maturity and second party have to take said land back or foreclose on said note, then and in that event first party hereby covenants and agrees with second party that all his crop and all rentals from his tenants grown on said land in the year 1925 shall stand good for rents to second party, taxes against said land, and any other expenses that second party may be out on said farm in the year 1925."

Stewart had continued in possession of the land under the first deed, treating it as his own and using the crops. Thus things stood for two years. On March 2, 1927, Stewart and wife executed a deed to Gearhart for the land, in consideration of the surrender of the $6,000 note, above referred to, and on April 18, 1927, Gearhart and wife, by a deed, conveyed the land to Frank Stewart and Haskell Stewart in consideration of $6,971.18, as evidenced by eight notes payable annually. All of the above deeds were with general warranty and absolute on their face. On April 18, 1927, Gearhart delivered to Frank Stewart and Haskell Stewart the following written contract:

"Witnesseth: That, whereas, the first party has this day executed to the second parties a deed to certain lands in Boyd County, Kentucky, fully described in said, and has placed said deed in escrow in the hands of Austin Fields, of Grayson, Kentucky, it is herein agreed by the first party,

and he hereby binds himself that he will direct the said Austin Fields to deliver said deed to the second parties on one year from this date, viz., on April 18, 1928, provided that all notes and interest recited in said deed as being due prior to and at said date of April 18, 1928, have been fully paid, and provided, further, that all taxes and insurance premiums against the property covered by said deed payable on or before said date, have been fully paid, and provided, further, that the second parties have handled the farm conveyed by said deed in a good, workmanlike manner and have taken steps to improve the farm, such as sowing grass thereon, and have committed no acts of waste thereon.''

Stewart and his son failed to comply with the conditions of this contract, and on May 5, 1928, the following entry was made thereon:

''The undersigned, being the grantees in the deed herein referred to, hereby consent that the grantor, F. M. Gearhart, withdraw the deed from escrow as herein recited, the terms of the escrow not having been complied with by the grantees.
''May 5, 1928.
''Frank Stewart & Haskell Stewart,
''By Frank Stewart.''

On January 24, 1929, Gearhart brought this action against Frank Stewart, who had continued in possession of the land up to that time, alleging that he was the owner of the land under the deed of May 14, 1924, and praying possession of it. Stewart answered, pleading in substance that the deed of May 18, 1924, was executed as a mortgage to secure the amount of money he owed Gearhart, and alleging that the amount was in fact less than set out in the deed. This was denied by reply, proof was taken, and on final hearing the circuit court gave judgment in favor of Gearhart for possession of the land. Stewart appeals.

The proof shows that Gearhart operated a mill for many years. Stewart had been employed by him to haul logs to his mill. This had been going on about ten years, and continued thereafter as before these deeds were made. Stewart's daughter had married Gearhart's son. Stewart thus states the facts as to the

transaction: Phil Fannin had a mortgage on the land and brought suit to foreclose the mortgage. Fannin then came to see Stewart, saying: "I don't want you to lose your home, I am a friend of yours. I will give you seven or eight years to pay the debt. You can put it in the Federal loan or sell it, all I want is to get my interest." Stewart then said, "I owe Mr. Gearhart two mortgages on this land that will have to be paid off," and Fannin said, "Go and see Mr. Gearhart." He then went to see Mr. Gearhart, and Gearhart said, "I will do better than uncle Phil, I will give you eight or ten years." So he made the deed over to Gearhart to secure the mortgages and the indebtedness, and Gearhart was to hold it and give him more time until he could get the money, and he was to make Stewart a deed and let him get it through the Federal Land Bank. He agreed to this, and the deed was made, simply upon this agreement as a mortgage to secure the debts. Stewart proved the same facts, in substance, by his son and his daughter. He remained in possession of the land, gave it in for taxation in his own name, and paid the taxes for the years 1924, 1925, 1926, and 1927, but he failed to pay the taxes for 1928, and this sum was paid by Gearhart. The deed of March 25, 1925, was executed to enable him to make a mortgage to the Land Bank. Nothing was paid. The recital in the deed of $2,000 paid was put in at the suggestion of the attorney and was fictitious, he saying that it might influence the Land Bank to make the loan. When the application to the Land Bank failed, they concluded to try another application in the name of Frank Stewart and Haskell Stewart, and for that reason the deed of April 18, 1927, was executed. None of these deeds, except the first, was put to record. The deed of March 25, 1925, remained in Stewart's possession for about two years, or until the deed of March 2, 1927, was executed.

On the other hand, the proof for Gearhart and the attorney who wrote the deed is that the deed was absolute and not a mortgage, and nothing was said about this at the time. Gearhart testifies that the land was not worth over $4,000, and that he would have been glad to get that at any time and get his money back, and that the amount coming to him was correctly stated in the deed. However, Stewart testified and introduced several other witnesses so testifying that the value of the land at that time was $8,000.

In Holridge v. Gillespie, 2 Johns. Ch. (N. Y.) 34, Chancellor Kent thus stated, the rule:

"The general principle is, 'once a mortgage, always a mortgage;' and though no doubt, the equity of redemption may be released upon fair terms, yet the fairness and value must distinctly appear."

This rule was recognized and applied by this court in Perkins v. Drye, 3 Dana, 175; Hahn v. Pindell, 1 Bush, 538; Scholl v. Hopper, 134 Ky. 83, 119 S. W. 770, and McKibben v. Diltz' Ex's, 138 Ky. 684, 128 S. W. 1082, 137 Am. St. Rep. 408.

In Hobbs v. Rowland, 136 Ky. 197, 123 S. W. 1185, 1186, L. R. A. 1916B, 1, this court, after a careful review of the authorities, thus stated the rule:

"There is no doubt that, by a vast preponderance of authority, a deed, absolute upon its face, may be shown to be a mortgage by parol testimony."

To the same effect, see Bowen v. Boughner, 189 Ky. 107, 224 S. W. 653, and Lunsford v. Colwell, 199 Ky. 326, 250 S. W. 993, 995. In the latter case, the court thus stated the rule:

"Mortgages and conditional sales are both valid, and it is often a matter of great difficulty to determine to which class a particular instrument belongs. The only way of solving the question is to find out what the parties intended. In ascertaining their intention the courts will be guided more by the substance than the form of the transaction, and in doubtful cases will always construe the contract to be a mortgage, as such construction will be more apt to prevent fraud and oppression. Edrington v. Harper, 3 J. J. Marsh, 353, 20 Am. Dec. 145; Skinner v. Miller, 5 Litt. 86. The test in every case is: Was the instrument intended as a security for the loan of money or other property? If so, it is a mortgage."

The facts shown here bring the case clearly within the rule above stated. Stewart held his farm at $8,000. There was no fixing of price. The amount of the debts was simply counted up when the deed of March 17, 1924, was executed. The purpose of the parties was to secure a loan from the Land Bank and obtain time

to do this. So the deed of March 25, 1925, was executed. For two years Stewart remained in possession, using the property as his own, hoping that his effort to get the money from the land would be successful. When this failed they decided to try the experiment of getting the money from the Land Bank in the name of Stewart and his son, Haskell Stewart, so the deed of March 2, 1927, was executed, and, when that failed, Stewart signed the release above quoted. In all this time Stewart held the land and used the crops as his own.

The release was signed without any consideration. Gearhart relies on the deed of March 17, 1924. But that deed was clearly made as security for money and for the purpose of getting time to secure a loan from the Land Bank. The subsequent papers were all executed simply in an effort to carry out the original transaction, which was nothing more than that Gearhart would furnish money necessary for Stewart to have time to secure a loan from the Land Bank. Under such circumstances, the rule "once a mortgage always a mortgage" applies, and the circuit court should so have adjudged.

On the return of the case to the circuit court, the court will determine the amount that Stewart owes Gearhart and the credits to which he is entitled, and will give the parties a reasonable opportunity to introduce evidence on this subject. The court will then enter judgment for a sale of the land; bond to be first taken to Gearhart for the amount coming to him, as fixed by the court, with interest, and then bond will be taken to Gearhart for the balance of the purchase money, if any. Stewart will recover of Gearhart his cost on the counterclaim, but the cost of the sale will be paid out of the proceeds of the sale before any distribution.

Judgment reversed, and cause remanded for further proceedings consistent herewith.