## Catlin v. Justice.

Nov. 11, 1941.

272

Stratton & Stephenson for appellant.

J. J. Moore for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

A statement of the facts on which this suit is based may be found in the opinion on the first appeal reported under the style of Nunn et al. v. Justice, 278 Ky. 811, 129

S. W. (2d) 564. Therein the judgment of the lower court was reversed and the cause remanded, inferentially directing the court to enter a decree declaring the appellants to be the owners of the real estate in controversy, and specifically directing the lower court to re-open the case for the purpose of permitting the introduction of evidence from which to determine the status of the accounts of the parties by reason of appellee having collected certain rents and having made certain expenditures on the property subsequent to the time of appellants' right of possession. Upon return of the case judgment was entered pursuant to that opinion and the case re-referred to the master commissioner for the purposes aforesaid. That order, which was neither excepted to nor appealed from, adjudged appellee, who was defendant below, to be accountable to the plaintiffs for the rents he had actually collected during the stated interval, subject to credit for expenditures made by appellee in the care, maintenance, and operation of the property from the time of appellants' right of possession. Mrs. Nunn dismissed her petition in so far as it sought to collect rents; Mrs. Catlin continued the suit. The master commissioner heard evidence on the rents collected and the expenditures made by appellee. Exceptions were duly filed by both parties, some of which were sustained, others overruled. From adverse rulings on the exceptions both parties have appealed.

We will first consider appellant's contention that the dismissal of appellee's counterclaim in the judgment formerly appealed from, but from which no cross appeal was perfected precludes his right to now assert his claim for reimbursement for expenditures made by him on the property while it was in his wrongful possession, under the doctrine of res judicata. The counterclaim set up the expenditures and prayed judgment therefor in the event the court should decree the plaintiffs to be the owners of the property. The court decreed otherwise, and a dismissal of the counterclaim at that time under those circumstances amounted to no more than a voluntary dismissal by the counterclaimant without prejudice to his right thereafter to maintain the counteraction should that judgment be set aside, because, upon dismissal of plaintiffs' petition there was no basis for a counterclaim against the plaintiffs and the questions raised by the counterclaim were no longer in issue. For that reason the subsequent dismissal of the counter-

claim was not a decision on the merits of the counterclaim. If a question is not in issue, it is immaterial that it is passed on by the court rendering the judgment, 15 R. C. L., Section 452, page 979. Bridges v. McAlister, 106 Ky. 791, 51 S. W. 603, 606, 45 L. R. A. 800, 90 Am. St. Rep. 267. We therefore conclude that this contention is without merit.

After the opinion on the former appeal had been rendered and the judgment conforming thereto had been entered, appellant filed a pleading purporting to amend her petition, the prayer of which was at variance, and in conflict, with the prayer of the original petition which was the basis for the decision of this court on the former appeal. In the original petition the plaintiff sought to recover the rents collected; on appeal we held she was entitled to that relief and on return of the case judgment was entered to that effect. In the amendment she seeks to recover the rental value of the property, without regard to the actual rents collected. In conformity with the pleadings and contentions of the parties on the first appeal the word "rents" as used in the opinion was intended by us to be construed to mean "net rents" i. e., rents actually collected less necessary expenditures made in the care, maintenance, and operation of the property. The former opinion and the judgment entered pursuant thereto fixed the rights of the parties under the rule "that the law and the facts governing the rights of the parties as determined and settled on the first appeal, become the law of the case on a second hearing or appeal, if the evidence is not materially different." Graziani v. Ambrose, 201 Ky. 466, 257 S. W. 21, 22; Sowders v. Coleman, 223 Ky. 633, 4 S. W. (2d) 731. It may be that appellant would have been entitled to the relief she now seeks had she made that contention on the first trial and appeal, but with that question we are not now concerned, because the former opinion and the judgment entered in conformity thereto, whether right or wrong, became the law of the case.

The items for which credit is sought by appellee are too numerous to detail in this opinion but fall under the following general classifications, (1) repairs to the property; (2) premiums of insurance on the property; (3) operating expenses for the apartment house including expenditures for light, water, heat, supplies, and janitor service; (4) taxes paid by appellee for which appellant

otherwise would have become liable by reason of her ownership of the property. It is common knowledge that repairs are necessary in the maintenance of real property, and that light, water, and heat must be provided, supplies purchased, and janitor service rendered in the operation of an apartment building. The rendition of such services warrants the charging of higher rents, resulting in larger profits to the property owner. All such expenses are proper and must be allowed, if not unreasonable in amount. We have carefully read the evidence directed to this point and, while the expenditures allowed by the chancellor appear to be extremely liberal, the judgment in that respect conforms to the undisputed testimony of appellee that the expenditures were made for the purposes related by him, and the amounts are not so exorbitant as to warrant this court to reverse his finding in respect thereto. It may be that we would have reduced the allowance had we original instead of appellate jurisdiction, but in cases of this character it is the duty of this court to sustain the finding of the chancellor on questions of fact unless his finding be against the weight of the evidence, which it is not in this case. Bowen v. Boughner, 189 Ky. 107, 224 S. W. 653. Similar approval must be given his finding in respect to the rents collected.

The expense of bricking in windows of the apartment building was properly disallowed, because it was not necessary to the care, maintenance, or operation of the property. Neither are we impressed with appellee's contention that he should be credited with the amounts of the premiums paid by him for insurance on the property for the period of time in question. Many persons in the prudent exercise of business judgment prefer to carry their own risk in respect to fire and other hazards rather than to purchase indemnity therefor, and appellant may be one of those persons. In any event, she had the right to determine for herself whether she would carry insurance; and it matters not whether she would have benefited by the contract had there been a loss. Insurance is not necessary to the care or maintenance of real estate nor to the operation of a business conducted therein. Material and work designed to prevent loss by the hazard covered by insurance are proper items to be charged to maintenance and care, but indemnity for the loss cannot be so classified.

We will next consider appellant's complaint of the court's decision in allowing appellee credit for taxes paid by him for the year 1935. It is argued that no credit should be allowed for this item because the taxes due in 1935 were assessed as of July 1, 1934, and appellant did not become owner of the property until September 12, 1934. In support of this contention counsel quotes the first part of Section 4023, Kentucky Statutes, which recites that the holder of the legal title to real estate on the first day of July of the year the assessment is made is liable for the taxes thereon. However the last part of the section provides that if the property be sold before January 1 of the year in which the taxes are payable, as between the purchaser and seller, it shall be the duty of the purchaser to pay the taxes. Since the title to the property passed on September 12, 1934, it is clear, under the statute relied on the appellant became liable for the taxes payable in the year 1935. It is further contended that no credit should be allowed for taxes because appellee did not file tax receipts in confirmation of his testimony that he had paid the taxes. In support of this argument counsel seeks to evoke the best evidence rule. The principle that the best evidence of which the case in its nature is susceptible, and which is within the power of the parties to produce, or is capable of being produced, must always be adduced in proof of every disputed fact is an elementary principle of the law of evidence; and, in a broad sense, embraces within its application every issue that may be in controversy; but in modern practice it is generally confined to the substitution of oral testimony in proof of an existing document. If the content of the written document is in issue or if the very existence of the document itself is in controversy, the document must be produced or its absence accounted for. But the rule has never been extended to require evidence of facts that may as well be established by oral testimony; that is to say, oral testimony of a fact in issue may be primary evidence of the fact, although there be in existence written evidence of the same fact, and, where the essential fact to be proved is neither the existence nor the contents of the writing, but some independent fact to which the writing is merely incidental, the writing need not be produced but the proof may be adduced by oral testimony. 20 Am. Jur. Section 405, page 366. The issue involved in this case is not whether taxes had been levied, the

question is: did the appellee pay them? Ordinary tax receipts do not show who paid the taxes; that fact must be shown by oral testimony which the court properly permitted appellee to do. Therefore we are of the opinion that the court committed no error in respect to the claim for reimbursement of taxes.

In addition to his claim for expenditures appellee in his counterclaim, sought judgment for the value of household goods which he alleged appellant had appropriated from him and converted to her own use. The evidence is conflicting on this point and the chancellor's finding that the furniture was a gift is not against the weight of the evidence, therefore, it will not be disturbed. Appellee further contends that he is entitled to allowance of $540 for his services in caring for the property from the time appellant became the owner thereof until she entered into its possession; but with this contention we cannot agree. This question was not presented on the first appeal, therefore it is one for original review. Our court is committed to the rule that one remaining in possession of property in derogation of another's rights, being a wrongdoer, is not entitled to pay for services rendered in the care of the property. Highbaugh v. Nolan, 207 Ky. 804, 270 S. W. 64. It is apparent, therefore, that the court properly disallowed the claim.

It is finally contended by appellant that the judgment should be reversed with directions to the circuit court to enter "an order for the purpose of ascertaining the damages to the apartment building by reason of appropriation by the appellee of the south wall of the building, or to detach the garage building from the apartment building and to replace the windows so that light and ventilation may be had in the first floor of the apartment building." It appears from the report of the master commissioner and the judgment that this question was decided by the court without reference to the commissioner and the judgment dismissed the claim. The chancellor was privileged to decide that question from the evidence without referring it to the commissioner, and, since the appellant has failed to specifically point out any error or any testimony supporting his complaint as required by Rule V of this court, we will assume the judgment in that respect to be correct. We have heretofore warned and we repeat now: this court

has neither the time nor the inclination to search the record for errors that might justify a reversal. Garvey v. Garvey, 156 Ky. 664, 161 S. W. 526; Brown v. Daniels, 154 Ky. 267, 268, 157 S. W. 3.

Since the judgment of the lower court conforms to the views herein expressed, it is affirmed.

Whole Court sitting.