### Archer v. Corey-Scheffel Lumber Co.

November 25, 1947.

Rehearing denied March 26, 1948.

Lawrence F. Speckman, Judge.

William F. Clarke for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

Appellant is an architect and builder, and appellee is engaged in the building supply business. They entered into four written contracts September 16, 1941,

whereby appellee agreed to furnish to appellant material for the construction of eighteen houses. After substantial payments were made on the contracts and all materials had been delivered, appellee filed this suit to collect for extras not covered by the contracts. Because of involved accounting, the case was referred to the Master Commissioner, who recommended judgment in favor of appellee in the sum of $1,145.01, and judgment was entered accordingly. Included in the judgment was an item of $507.80 for outside window blinds; from this part of the judgment this appeal has been taken.

Appellant contends that the window blinds were included in the plans and specifications, and therefore were included in the original bid, whilst appellee contends that they were not included in the original bid, but were "extras" ordered after the contracts were entered into. The evidence on this issue is conflicting. Appellant testified that the bids were made from the plans and specifications which he furnished to appellee. Appellee's agent, who entered into the contracts for appellee with appellant, and its employee who made the estimate for the purpose of bidding for the contracts, testified that their estimate was made from a list taken from the plans and specifications by one of appellee's competitors, the Kister Lumber Company, and that at the time of making the estimate they did not have any other plans or specifications before them; that the items listed by the Kister Lumber Company contained the window blinds, but opposite this item appeared the notation, "omit," and because of this notation they did not include the cost of the blinds in the bid submitted to appellant. Appellant does not deny that when the blinds were furnished he was billed for them as extras, and that he made no protest until after this suit was filed. Where the evidence is conflicting, and the Master Commissioner and Chancellor agree on their findings of fact, this Court will not reverse the judgment unless it is against the weight of the evidence. Catlin v. Justice, 288 Ky. 270, 156 S. W. 2d 107. We have no doubt that the Commissioner and the Chancellor correctly weighed the evidence in favor of appellee.

The judgment is affirmed.