Clinton John BOWER, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 2, 1962.

Rehearing Denied June 8, 1962.

S. H. Monarch, Hardinsburg, R. C. Jackson, Brandenburg, for appellant.

John B. Breckinridge, Atty. Gen., Robert L. Montague, III, Asst. Atty. Gen., for appellee.

STEWART, Chief Justice.

Appellant, Clinton John Bower, Jr., was convicted in the Meade Circuit Court of unlawfully taking a motor vehicle without the knowledge and consent of the owner and sentenced to one year in the penitentiary. See KRS 433.220. This appeal is from the judgment entered.

Appellant was indicted in October, 1960, for the felonious taking of a 1958 Willys station wagon, commonly designated as a "jeep", from the Sam Hicks Motor Company, herein called "the motor company", then in business at Muldraugh in Meade County. The car was purportedly stolen, "or left the lot" of the owner, on the night of April 17 or 18, 1958. It was promptly reported as a stolen motor vehicle to the Kentucky State Police, hereinafter referred to as "State Police".

On June 2, 1960, State Police Sergeant George Meyers went to appellant's home in Breckinridge County to serve a warrant for the alleged theft of a 1959 Ford truck and while there also took possession of a 1958 Willys station wagon and a 1959 Plymouth automobile he found on appellant's premises and which he believed were stolen. He checked a stolen car list that had been furnished him and ascertained, by the use of the confidential serial number it disclosed, that the station wagon was the one reported by the motor company as stolen from it in 1958. The public serial number on the vehicle did not match the confidential serial number, so the State Police officer concluded the public number had been changed. The station wagon has since been turned over to the insurer which had the theft coverage on it.

At the time the State Police questioned him, appellant produced a bill of sale dated April 24, 1958, for a 1947 Willys station wagon from the Hack Miller used car lot of Louisville. Appellant maintains this was the only Willys station wagon he ever owned; that he paid $200 for it; that he licensed it in 1959 and 1960 in his home county; that he insured it through the Kentucky Farm Bureau; and that he used it publicly and openly, even had his farm emblem painted on it.

The serial number on the bill of sale corresponded with one found on the front end of the frame of the vehicle. The State Police officer testified this number had been screwed into place by someone and not welded or electro-plated onto the vehicle by the manufacturer, as is customarily done. Also, this number should have appeared under the hood on the motor, on the door frame, and underneath the dash board, but it was discovered the number had been ground off at all these places. Such a number is known as the public serial number because it may be spotted on the machine at these places without difficulty and also because the public serial number is used when ownership of the vehicle is transferred. The confidential serial

number is composed of the last five digits of the public serial number, but its location is concealed on the vehicle and is known to but a few.

Appellant's mother testified she drove him to Louisville to purchase the station wagon and confirmed his statement that he bought this particular vehicle on that trip. She further testified the station wagon had been in a run-down condition and appellant had fixed it up by putting new tires on it, by upholstering it, and by installing a rebuilt motor in it.

Appellant's sole claim for reversal of the judgment is that the trial court erred when it failed, pursuant to his request, to require the records of the motor company to be introduced as the best evidence to establish, if such were possible, the ownership of the property in question. It is asserted incompetent evidence was admitted when the Commonwealth undertook to validate such a fact in the manner hereinafter set forth.

It was incumbent upon the Commonwealth to prove the station wagon was stolen from the Sam Hicks Motor Company on a prior date and the one that showed up in appellants' possession was the same motor vehicle's. The Commonwealth undertook to identify the ownership of the station wagon by the testimony of Ernie Bates who was the manager of the motor company at the time of the alleged larcenous act.

In preparation for his appearance in circuit court Bates and another person went to the files of the motor company and the latter copied from the records, in Bates' presence, the public serial number of the vehicle that turned out to be the one involved in this case. From this information he could arrive at the confidential serial number. When Bates, asked to give these numbers, attempted to testify from the memorandum he had secured, counsel for defendant objected on the ground that it was evidence of a secondary

quality and moved that Bates be required to introduce the best proof, namely, the original records. The trial judge overruled the objection and the motion, an exception being reserved to this ruling.

Did the trial judge rule correctly as to the admissibility of this evidence? We conclude that he did.

█ It may be said the best evidence rule amounts to little more than the requirement that the *contents* of a writing must be proved by the introduction of the writing itself, unless its absence can be satisfactorily accounted for. McKelvey, Evidence (5th ed., 1944) p. 604; Herzig v. Swift & Co., 2 Cir., 146 F.2d 444. On the other hand, where the contents or existence of a record is "only incidentally or collaterally involved, the best evidence rule does not require that the record be produced or its absence explained before parol evidence can be admitted; * * *." 32 C.J.S. Evidence § 787, p. 713.

In Hazel v. Dougherty, 207 Ky. 89, 268 S.W. 823, Hazel levied on certain property to recover a judgment against Dougherty; Dougherty claimed the property belonged to his wife. The title bond disclosing ownership was not introduced as proof and Hazel contended it was the best evidence to show such a fact. The trial court permitted parol evidence to be introduced to prove this point. This Court in upholding this ruling said (268 S.W. p. 825): "* * * but it is generally held that the best evidence rule does not apply to writings collateral to the issue. * * * Upon the same principle where the contents of a writing are not directly in issue, the matters contained in the writing may be proved by parol evidence without accounting for the failure to produce the writing, and *a fortiori* the subject of documents which are not the foundation of the action may be proved by parol." This principle is again stated in Catlin v. Justice, 288 Ky. 270, 156 S.W.2d 107. See also McHargue v. Perkins, Ky., 316 S.W.2d 372.

Since, in the case at bar, the issue is not the contents of the document but the identification of the station wagon by mere reference to it, it appears that Bates could orally testify as to automobile numbers without producing the invoice showing those numbers.

█ Even if we should exclude from our consideration the testimony of the witness Bates, in order to determine whether the jury was authorized to find appellant guilty of the offense charged, there still remains the evidence of the State Police which we believe supports the verdict of conviction. A summary of State Police Sergeant George Meyers' testimony is that he took into custody the station wagon because a vehicle that fitted its description had been reported as stolen, and this information was obtained when the motor company filed a stolen car report at the time of the theft with the State Police. That report showed the serial number, and Meyers knew the confidential number is composed of the last five digits of the serial number. This officer checked the serial number of the machine in controversy and found it did not compare with any number listed for a stolen vehicle. In fact, the number corresponded with that of a 1947 station wagon for which appellant had a bill of sale.

But this officer, having with him a report on a stolen 1958 station wagon and believing the car under examination to be a 1958 model rather than a 1947 one, as stated on appellant's bill of sale, contacted either the National Auto Bureau or the Federal Bureau of Investigation (the only two agencies from which such information can be obtained) for the location on the car of the confidential number of the 1958 model reported as stolen. He obtained this information, checked on the station wagon the place given him, found the confidential number of the 1958 stolen vehicle on the station wagon in appellant's possession, and thereby obtained knowledge that this was the car taken from the lot of the mo-

tor company. From the above evidence, it is shown it is easy to remove or change any public number on a motor vehicle but that only by chance could a thief find and alter the confidential number.

We believe the foregoing testimony of State Police Sergeant Meyers, detailing the steps he took to ascertain the identity of the station wagon, makes out a case against appellant that will sustain the verdict of the jury.

■ Appellant contends, however, his bill of sale and his open claim to and use of the car removed any inference of guilt and that it was incumbent on the Commonwealth to fully prove the actual theft. He forgets that where one is found in the possession of a stolen article it becomes incumbent upon him to show he acquired it lawfully. If such a person's evidence does not establish conclusively that he came by the appropriated property in a blameless manner, his mere retention of the stolen property under the circumstances not only warrants the submission of the case to the jury but likewise is sufficient to sustain a verdict of conviction. See Chaney v. Commonwealth, Ky., 307 S.W.2d 770.

The jury may have believed the reason he felt secure when he appeared in public with the station wagon was because he perhaps thought its identity was effectively camouflaged. Nor did he bring from the Hack Miller used car lot in Louisville any one who might have testified he secured the vehicle in a bona fide manner. When all the circumstances of this case are considered, we are of the opinion the jury could properly conclude appellant did not overcome the statutory presumption of larceny arising from his possession of the stolen station wagon.

Wherefore, the judgment is affirmed.