Eugene WAGERS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 21, 1972.

Harry K. Aurandt, Covington, for appellant.

John B. Breckinridge, Atty. Gen., James B. Wooten, Jr., Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Chief Justice.

On June 17, 1970, appellant Eugene Wagers was convicted of two counts of carnal knowledge of his daughters. He was given two 21-year sentences to run concurrently, which he is now serving at the Kentucky State Reformatory. Under RCr 11.42 he petitioned the circuit court for relief, alleging ineffective assistance and inadequate representation at his trial by court-appointed attorneys. His petition was denied without an evidentiary hearing, from which order he appealed. The Commonwealth, in the light of such decisions as Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1967), and Stinnett v. Commonwealth, Ky., 446 S.W.2d 292 (1969), conceded that allegations sufficient to require an evidentiary hearing had been made. We ordered a hearing. Wagers then moved for leave to file a motion and grounds for a new trial nunc pro tunc in the original proceedings. The hearing was conducted on June 25, 1971, and for the second time the circuit court denied post-conviction relief. It also denied the request for leave to file the motion for a new trial. Wagers has appealed. We affirm.

Wagers' argument is reduced to two points. The first point is ". . . that incompetent and prejudicial testimony of the wife was introduced by the Commonwealth, which influenced and inflamed the minds of the jurors." Counsel fails either

**636**

to relate the testimony of which complaint is made or refer us to where that testimony may be found. We will not consider this contention. RCA 1.210(a) 3; Catlin v. Justice, 288 Ky. 270, 156 S.W.2d 107 (1941); Horn v. Horn, Ky., 430 S.W.2d 342 (1968).

■ Wagers also argues that it was the duty of the trial counsel (different attorneys from those representing Wagers on this appeal) to file a motion and grounds for a new trial. We are not told in what way Wagers was prejudiced by the lack of such a motion. If the complaint relates to the testimony of the wife, it was unnecessary for the trial counsel to file the motion if objection was made on the trial. Practice under the Criminal Code was discussed in Mercer v. Commonwealth, 257 Ky. 672, 79 S.W.2d 13 (1935), but with the adoption of the civil and criminal rules changes were made. In the comments preceding the Rules of Criminal Procedure, as amended September 1968, in discussing certain changes in practice and with respect to motions for a new trial, it is said:

> "Requirement that grounds must be stated in the motion in order to preserve them for review is reduced to only those not previously considered by the court."

RCr 10.12 reads:

> "Preservation of Error. Allegations of error, properly preserved by objections as provided in these rules, in respect to rulings, orders or instructions of the court need not be presented in a motion for a new trial in order to be preserved for appellate review."

Furthermore, as early as 1906, in Thompson v. Commonwealth, 122 Ky. 501, 91 S.W. 701, it was pointed out that it was unnecessary to include in the motion for new trial errors committed in the admission or rejection of evidence to which proper objection and exception was timely made and taken.

The judgment is affirmed.

All concur.