## SPAULDING v. WYCKOFF.

1. SPECIFIC PERFORMANCE—FAILURE TO AGREE UPON ESSENTIAL TERMS.
   Courts cannot perfect or enforce contracts when it appears that the parties have failed to agree upon essential terms.

2. SAME—CONTRACTS—CERTAINTY REQUIRED.
   Greater certainty in the terms of a contract is required in a suit for specific performance than in an action at law.

---

Specific performance of contracts, generally, see 2 Restatement, Contracts, §§ 358–380.

3. SAME—AMBIGUOUS CONTRACT UNENFORCEABLE.

A contract, the terms of which are so ambiguous that either party may reasonably misunderstand them, may not be specifically enforced.

4. SAME—BURDEN OF PROOF—EVIDENCE.

In order to be entitled to specific performance of a contract the burden rested on plaintiffs to establish by clear and satisfactory proof a definite contract on the essential terms and conditions of which the minds of the parties have met, and of such character as to be capable of specific enforcement by a court of equity.

5. VENDOR AND PURCHASER—ACCEPTANCE OF OFFER—POSSESSION UNDER LAND CONTRACT.

Where written offer to purchase land indicated (1) a desire to enter into a land contract for the purchase of the land upon specified terms and (2) that purchasers' possession was to be obtained from the time of execution of the contract or not later than a specified date, an acceptance of the offer as made would have imposed upon the owners the obligation to vacate by such date as possession was a material part of the subject-matter of the proposed contract, hence a clause attached to owners' acceptance which would have given them the right to remain in possession after such date as tenants from month to month did not constitute an unqualified or unconditional acceptance of such offer.

6. SAME—POSSESSION—PAYMENT OF PURCHASE PRICE.

The right of a vendee under a land contract to possession of the property agreed to be purchased and sold rests entirely on the contract and if not otherwise provided the right to possession does not become operative until full payment of the purchase price is made.

7. SAME—INSERTED CLAUSE IN PRINTED FORM—SIGNATURES.

Clause inserted in printed offer to purchase land must be given force and effect even though written below space provided for signatures of vendors.

8. SPECIFIC PERFORMANCE—MEETING OF MINDS.

Specific performance of an alleged agreement in writing to enter into a land contract may not properly be decreed where the minds of the parties did not meet on a material part of the alleged agreement relating to possession of the premises.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 7, 1948. (Docket No. 13, Calendar No. 43,759.) Decided February 16, 1948.

Bill by Roy C. Spaulding and wife against F. Leigh Wyckoff and wife for specific performance of alleged agreement to enter into a contract to sell real estate. Decree for plaintiffs. Defendants appeal. Reversed.

*Leo A. Skinner* (*Clark, Klein, Brucker & Waples,* of counsel), for plaintiffs.

*Donald A. Wallace,* for defendants.

CARR, J.   This is a suit for specific performance of an alleged agreement in writing to enter into a land contract for the sale of certain real estate in the city of Detroit.   Defendants, who were the owners of the property, listed it with a broker who procured from plaintiffs an offer to purchase.   Said offer, which was prepared on a printed form, specified the sum of $17,500 as the total consideration, with a down payment of $6,000 in cash, and the execution of a land contract providing for payments of the balance at the rate of $115 per month.   Each monthly payment was to include taxes, and interest at the rate of five per cent. per annum.   It was further specified that the purchasers should become entitled to possession of the property at the time of closing the transaction, and that said property should be vacated by its owners, who occupied it, on or before July 1, 1946.   These provisions were subject to the further specification in the offer that defendants might continue to occupy the premises, without payment of rent, until the date stated.

Plaintiffs' offer was delivered by them to the broker who in turn submitted it to defendants.   An acceptance of the offer, printed on the form used, was signed by defendants, the following clause being added at the time by the broker immediately below the lines provided for the signatures of the sellers:

"In the event seller occupies house after July 1, 1946, it is understood and agreed that he is to pay $100 per month rent."

It appears from the record that this addition to the acceptance was inserted following a conversation between the broker and Mr. Wyckoff in which the latter stated, in substance, that it might not be possible for defendants to vacate prior to September 1, 1946. The form used was then returned to plaintiffs, and Mr. Spaulding, under date of March 30, 1946, signed thereon a printed form of acknowledgment of receipt of the acceptance. A land contract was prepared in accordance with the offer, which defendants refused to execute, claiming that the quoted clause added to the acceptance modified it in such manner as to make it, in effect, a counter-offer, that such counter-offer was not accepted by plaintiffs, and that in consequence no valid agreement for the execution of a land contract had been made. In accordance with their position defendants notified plaintiffs that the counter-offer was withdrawn.

Upon defendants' refusal to complete the transaction by the execution of the proposed land contract, plaintiffs instituted the present suit. Following trial in the circuit court a decree was entered in accordance with the prayer of the bill of complaint requiring defendants to enter into a land contract for the purchase of the property in accordance with the terms of plaintiffs' offer, such contract to provide for immediate possession and occupancy by plaintiffs. Provision was further made for the adjustment of taxes, water bills, and insurance as of the date of the contract. From such decree defendants have appealed, claiming that the circuit judge was in error in holding that the addition of the so-

called postscript to the acceptance of plaintiff's offer
did not constitute it a counter-offer, rather than an
acceptance. Plaintiffs insist that the inserted clause
pertained to a matter collateral to the main agree-
ment, that it contemplated a possible landlord and
tenant relationship, and was wholly independent of
the alleged contract for the purchase of the prop-
erty. These contentions present the issue for deter-
mination by this Court on the appeal.

The general principles governing the granting of
specific performance in cases of this character have
been repeatedly discussed and applied by this Court
in prior decisions. Thus, in *Gates* v. *Gamble,* 53
Mich. 181, it was said:

"Until, therefore, the parties have agreed between
themselves on this subject, their contract is imper-
fect, and it is impossible to give it effect. The courts
cannot perfect for the parties the contracts which
they have left imperfect. The contract in this case
was evidently provisional, and contemplated a fur-
ther contract, in which we may suppose the details
of the proposed arrangement would be definitely
fixed upon and settled; but, if either party refuses
to enter into such further contract, there is no way
of compelling it. Neither is there any way of en-
forcing the provisional contract, when it appears
that the parties have failed to agree upon essential
terms."

In *Lippman* v. *Featherston,* 247 Mich. 153, it was
said:

"Greater certainty is required in an action of
specific performance than an action at law. 36 Cyc.
p. 589. The terms of the contract must not be so
ambiguous that either party may reasonably misun-
derstand them. 36 Cyc. p. 590."

And in the recent case of *Steketee* v. *Steketee,* 317
Mich. 100, it was further declared:

"In order that courts may specifically enforce an oral agreement to convey property, plaintiff must establish by clear, satisfactory and convincing proof the terms of such agreement."

See, also, *Blanchard* v. *Detroit, L. & L. M. R. Co.,* 31 Mich. 43 (18 Am. Rep. 142); *Palmer* v. *Pokorny,* 217 Mich. 284; *Czeizler* v. *Radke,* 309 Mich. 349.

In order to be entitled to the relief sought the burden rested on plaintiffs to establish by clear and satisfactory proof a definite contract on the essential terms and conditions of which the minds of the parties met, and of such character as to be capable of specific enforcement by a court of equity. Obviously, if the so-called postscript to the acceptance of the offer amounted to a refusal to accept, unconditionally, any material part of said offer, or if, as defendants claim, it amounted merely to a counter-offer, the conclusion follows that specific performance may not properly be decreed. In the determination of the question the precise terms of the offer are of vital importance. An analysis of its provisions indicates that plaintiffs desired, first, to enter into a land contract for the purchase of the property in question, the terms of such contract being specified, and, second, to have the right to the occupancy and possession of the property under the contract and from the time of its execution or, in any event, not later than July 1, 1946. Acceptance of the offer as made would have imposed on defendants the obligation to vacate the premises on or before said date. Under the terms of the offer possession was a material part of the subject-matter of the contract into which the plaintiffs wished to enter. A contract providing merely for the sale of the property to them, on specified terms, without giving them, either expressly or by necessary implication, the right of possession, would not have been in accordance with the offer.

Paragraph 17 of the bill of complaint clearly indicates plaintiffs' position in this regard. It reads as follows:

"That it is imperative that the said plaintiffs have possession and occupancy of the said property on or before July 1, 1946, according to the express terms of said agreement, or the plaintiffs will suffer irreparable loss and damages."

It is definitely settled, under prior decisions of this Court, that the right of a vendee under a land contract to possession of the property agreed to be purchased and sold rests entirely on the contract. In *Polczynski* v. *Nowicki,* 227 Mich. 415, 429, it was said:

"It is a well-settled rule that if not otherwise provided in the agreement the right to possession of a contract purchaser does not become operative until full payment of the purchase price."

In *Emmons* v. *State Land Office Board,* 305 Mich. 406, 410, the statement was made that:

"The general rule is that unless the contract provides for possession, the right of a contract purchaser to possession does not become operative until full payment of the purchase price."

See, also, *Gault* v. *Stormont,* 51 Mich. 636; *Way* v. *Root,* 174 Mich. 418; *Brin* v. *Michalski,* 188 Mich. 400; *Barton* v. *Molin,* 219 Mich. 347.

Bearing in mind that plaintiffs' offer contemplated not only the purchase of the property under land contract, but also the right to the possession and occupancy thereof from and after July 1, 1946, the conclusion may not be avoided that the inserted clause in the acceptance had reference to the subject-matter of the proposed agreement. Though written below the space provided for the signatures of the

sellers it must be given force and effect. *Wait* v. *Pomeroy,* 20 Mich. 425 (4 Am. Rep. 395); *Hake* v. *Groff,* 232 Mich. 233; *Johnston Bros., Inc.,* v. *Village of Coopersville,* 261 Mich. 26.

It is a fair inference from the language used in the provision in question that defendants were unwilling to accept unconditionally the offer of plaintiffs insofar as the delivery of possession on or before July 1, 1946, was concerned. The testimony of Mr. Wyckoff clearly indicates that such was the fact. It was his claim that at the time plaintiffs' offer was submitted to him by the broker he informed the latter that defendants would not be interested in any deal unless they could remain in possession until September first. After some discussion the broker added the clause in question, explaining according to Mr. Wyckoff's testimony, that it would protect defendants in their occupancy of the premises until October first, if they wished to remain, for the reason that it would not be possible for plaintiffs to obtain possession until the later date. His statements, if made as claimed by defendant Wyckoff, indicate that the broker had in mind that the clause as written entitled defendants to remain in possession after July 1, 1946, as tenants from month to month. Defendant testified that he considered this a counter-offer and that he so stated to the broker. The latter was a witness for plaintiffs, admitted that there was some conversation between himself and defendant Wyckoff, and stated that he called it to the attention of defendant that the offer made by plaintiffs was for occupancy of the property on July 1st. It is a fair inference from the testimony of the broker that he inserted the clause as a result of his conversation with defendant, telling defendant at the time that plaintiffs would be reasonable with reference to the date of

occupancy. The testimony of plaintiff Roy C. Spaulding indicates that the clause in question was not explained to him by the broker in the same manner in which it had been explained to defendant Wyckoff. Apparently Mr. Spaulding was somewhat in doubt as to the interpretation of the clause and asked the broker what it meant. A discussion followed, the details of which do not appear in the record. It is a fair inference, however, from the testimony that plaintiffs understood defendants desired the right to remain after July 1st, that plaintiffs considered the granting of such right was entirely discretionary with them, and that they were unwilling to enter into a contract except on the basis of their offer. The land contract, subsequently prepared, specified the right of possession on July 1, 1946, thus indicating clearly the position taken by plaintiffs.

The record justifies the conclusion that the defendants did not interpret the clause, inserted by the broker in the acceptance, in the same manner as did the plaintiffs. Defendants evidently believed that, under said clause, if a land contract were executed between the parties it would protect defendants by giving them the right to remain in possession as tenants from month to month, if they so desired, after July 1, 1946. Plaintiffs took the position then, as they do now, that they were entitled to consider that their offer, as originally made, had been unconditionally accepted and that it was defendants' duty, in consequence, to enter into a contract providing for surrender of possession of the premises on July 1, 1946. However, we think that the language of the inserted provision was such as to fairly apprise plaintiffs that defendants were demanding a right with reference to possession that was not contemplated by the offer and that in con-

sequence the offer as made was not accepted without qualification or condition.

Under the authorities above cited, if the minds of the parties did not meet on a material part of the alleged agreement, specific performance may not properly be decreed. That possession of the property was a material element of the subject-matter is scarcely open to question. On the record before us we conclude that defendants intended to make, and actually did make, a counter-offer with reference to this part of the proposed agreement. Admittedly, the counter-offer was not accepted. On the basis of the facts before us, and the legal principles applicable thereto, the relief sought must be denied. A decree will enter in this Court reversing the decree of the trial court and dismissing the bill of complaint, with costs of both courts to defendants.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.