JAMES O. STAFFORD and EMILY D. STAFFORD, Appellants, v. LEO T. McDONNELL, Respondent, No. 42053—238 S. W. (2d) 432.

Division Two, March 12, 1951.

Appellants' Motion for Rehearing and Motion to Clarify and Modify Opinion, or to Transfer to Banc; and Respondent's Motion to Modify Opinion, Overruled, April 9, 1951, in Per Curiam Opinion Filed.

*Leman E. Atherton* for appellants.

*Waldo P. Goff* and *P. M. Marr* for respondent.

[433] WESTHUES, C.—This is the second appeal in this case. On the former appeal (see 224 S. W. (2d) 951), this court reversed and remanded the case to the trial court with directions to have an accounting as to any transactions occurring since the appeal was taken and to enter judgment accordingly. See 224 S. W. (2d) l. c. 955, 956.

The trial court in obedience to our mandate heard evidence and entered judgment allowing both plaintiffs and the defendant certain credits. The plaintiffs not being satisfied appealed. The amount in dispute vests this court with appellate jurisdiction. Plaintiffs claim credits in the sum of $25,000. The trial court allowed them $1,500. For a full statement of the case see the opinion on the former appeal.

To understand the situation we must relate a brief history of the case. Two tracts of land located in Sullivan County, Missouri, were involved in the original suit. One was a farm of 703 acres known as the Shatto farm; and the other tract of 675 acres was known as the Spangler farm. In November, 1946, O. R. and Leona Newcomer acquired title to both farms. Later the Newcomers executed a deed of trust against the Spangler place to secure a $12,000 note and a deed of trust against the Shatto land to secure a $13,800 note. These deeds of trust were not satisfied of record at the time of trial but they are not directly involved in this lawsuit.

1080

[434] In March, 1947, the Newcomers conveyed the farms by separate deeds to the plaintiffs, James O. and Emily D. Stafford, subject to the deeds of trust. On February 6, 1948, Stafford agreed to deed to W. O. Richardson all of the Spangler farm except 70 acres. The deed was made subject to the deed of trust of $12,000. These papers were placed in escrow and the transaction was not completed prior to the filing of this lawsuit.

In March, 1948, payments were due on the indebtedness against the farms. The Spangler farm was advertised for sale under the deed of trust. The Staffords and Richardson were not able to obtain the money to pay what was due. Stafford through negotiations with Newcomer and the defendant McDonnell agreed to deed both farms to McDonnell if McDonnell would pay plaintiff Mrs. Stafford $1,000, and pay what was due on the farms such as interest and taxes. McDonnell agreed and the farms were deeded to him on April 19, 1948. Stafford was to have possession of the Shatto farm until March 1, 1949. Later, according to Stafford, two men came to the farms and indicated they were prospective purchasers and had been sent by McDonnell. Thereupon Stafford brought suit to have the deeds conveying title to McDonnell declared mortgages. This court decreed that the transaction constituted a conditional sale, the condition being that if Stafford would pay McDonnell all the money McDonnell had invested in the farm McDonnell was to reconvey title to Stafford. This court further decreed that Richardson, who had intervened in the suit as a plaintiff, should be given a reasonable time in which to perform his contract with Stafford dated February 6, 1948. The principal dispute was with reference to the amount McDonnell had invested in the land. McDonnell claimed that he had advanced Newcomer $10,000 to buy the farms. McDonnell, as the opinion on the former appeal discloses, testified that he informed plaintiffs he had $10,000 invested. That was an inducement for him to save the farms from foreclosure sales. This court decreed that the amount due McDonnell was $10,000, plus $1,000 paid to plaintiff Mrs. Stafford, and certain sums paid as interest and taxes aggregating $13,378.45, less a credit of $500. It was decreed that the cause be remanded to the trial court to ascertain if since the appeal McDonnell had been compelled to pay further sums to protect the farms and if so, he should be given credit therefor. This court also authorized the trial court to adjust any rights or equities *"arising subsequent to the appeal herein* between the parties under the relationship existing as the result of the conditional sales herein * * *."* (Emphasis ours)

The trial court allowed McDonnell a credit of $13,378.45 as decreed by this court. It also allowed him $2,419 as payment on the deeds of trust and $552.87 for taxes. These payments were made subsequent to the time the first trial was had. The Staffords make no

complaint as to any of these items except we notice in their brief the amount allowed for taxes was stated as being $518.86. This is evidently an error. The proof showed $552.87 to have been paid and the plaintiffs asked the court to make a finding of fact that McDonnell had paid $552.87 as taxes, penalties, and interest. The total amount the trial court decreed as due by the Staffords was $16,350.32.

The trial court allowed the Staffords credits as follows:

| | |
|---|---|
| "Cash credit set out in mandate | $ 500.00 |
| For removal of buildings by defendant | 550.00 |
| For plowing of blue grass pasture by defendant | 450.00 |
| | |
| Total credits due plaintiffs | $1,500.00'' |

That left a balance due McDonnell of $14,850.32.

The trial court decreed that if the Staffords would pay McDonnell the sum of $14,850.32 by May 1, 1950, the farms were to be reconveyed to the Staffords. The court further decreed if the Staffords did obtain the farms then Richardson would have thirty days in which to perform his contract of February 6, 1948.

[435] We shall now consider the credits claimed by plaintiffs Staffords against McDonnell. One of these is the Richardson note of $5,000 which plaintiffs say should be charged against McDonnell for the reason that the indebtedness of Newcomer to McDonnell was reduced by this note. McDonnell testified at the second trial that he had not been paid anything on the Newcomer indebtedness and plaintiffs did not offer any evidence of any such payments. This $5,000 note of Richardson made payable to Newcomer was in dispute in the original suit. This court in its opinion specifically referred to it a number of times. At the top of page 954 of 224 S. W. (2d), this court stated, "We understand The Platt Valley Bank had a suit pending against Richardson on the $5,000 note at the time of trial." That item was litigated in the first trial, considered by this court on the first appeal, and is, therefore, res judicata. The burden was on plaintiffs to show that McDonnell had received any payments on the Newcomer indebtedness. Plaintiffs in support of their claim with reference to this $5,000 item offered in evidence the entire record of the original trial. We hold the question had been adjudicated and the trial court was right in denying the claim. Nothing new was shown to have occurred subsequent to the appeal in the first case.

Appellants in addition to the above claim say that they should be allowed the following: "(1) the reasonable rental value of the property during the period of time of defendant's possession thereof; (2) damages for waste in plowing up pasture lands; and (3) damages for the tearing down and destruction of buildings."

The trial court allowed plaintiffs $550 for item 3, i.e., the tearing down of buildings, and $450 for item 2, i.e., plowing of pasture. Mc-

Donnell did not appeal from the judgment allowing these items. We, therefore, need not consider them.

To understand fully plaintiffs' contention we have deemed best to quote the following from their brief:

"Defendant has been in possession of the Spangler farm from April 19, 1948; and of the Shatto farm from March 1, 1949. His possession of the Spangler farm was and is wrongful from the time he took possession thereof because he was then refusing to recognize plaintiffs' right to a reconveyance and plaintiffs were compelled to institute this suit in order to establish their right to a reconveyance. Defendant's possession of the Shatto farm which began March 1, 1949, was a possession erroneously obtained under the decree of the trial court which was reversed on appeal."

Plaintiffs to sustain their contention quoted in their brief the following from 5 C. J. S. 1544, Sec. 1983: "Broadly speaking an appellant who has lost money or property by reason of a judgment or decree prior to its reversal, is, after the reversal, entitled to specific restitution of everything lost which still remains in the hands of the adverse party, his agents, attorneys, or privies. This may entitle appellant to recover from a party, who has received and retained the same, money which has been paid under the judgment, together with interest thereon, or property which appellant has transferred or of which he has been dispossessed, together with the rents and profits thereof."

We say without hesitation that plaintiffs are not entitled to rents for the farms as claimed. Plaintiffs conveyed the land to McDonnell and gave him possession of the Spangler farm and plaintiffs were given the right of possession of the Shatto farm until March 1, 1949. From the day the deeds were executed to the present time plaintiffs have not tendered or offered to pay McDonnell any sum and demanded a reconveyance. Plaintiffs claimed that they owed McDonnell only $3,378.45. In the original suit which was a declaratory judgment action, plaintiffs contended the deeds were in fact mortgages. They made no tender at that time to discharge their obligations. This court decreed that the transactions constituted a conditional sale. This court decreed that if the Staffords would pay McDonnell the amount McDonnell had invested in the farms, title should be reconveyed to them. Even after this [436] court so decreed, the Staffords made no tender but in the hearing for an accounting attempted to relitigate the item of $5,000 represented by the Richardson note which had been finally adjudicated.

Plaintiffs asked the trial court to make a finding that the $5,000 note should be charged against McDonnell. In support of that claim plaintiffs offered the record made at the original trial. The evidence on the former hearing disclosed the Platte Valley Bank had the $5,000 note. Plaintiffs did not see fit to have the bank officials testify as to

how they obtained the note. So, to this day plaintiffs stand in a position of refusing to comply with the conditions in the conditional sale agreement.

McDonnell now occupies the position of a grantee under a conditional sale agreement with the right of possession. Plaintiffs occupy the position of the grantor and are entitled to a reconveyance when and only when they tender McDonnell the amount of money due him. A grantee in possession of land under a conditional sales contract is not liable for rents until the grantor complies with the conditions and demands a reconveyance. 66 C. J. 1042, Sec. 794; Turner v. Kerr, 44 Mo. 429, l. c. 433; Highbaugh v. Nolan, (Ky.) 270 S. W. 64; Kattor v. Adams, 323 Mass. 686, 84 N. E. (2d) 124, l. c. 126 (3-5); Spaulding v. Wyckoff, 320 Mich. 329, 31 N. W. (2d) 71, l. c. 73(3). Appellants rely upon the case from Kentucky, Highbaugh v. Nolan, supra. In that case Nolan was tendered the amount of money due but he refused it and remained in possession; the court held that Nolan was liable for rents from that time until the day he did give possession. The case is against appellants. Staffords have never tendered McDonnell what was due him and, therefore, McDonnell was not required to reconvey and give possession. He was given possession by the Staffords and under the decree of this court had the right to remain in possession until the Staffords tendered the amount due.

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.

PER CURIAM:—Appellants and respondent seem to have difficulty in adjusting their differences in this case. Appellants in their motion for rehearing or to transfer to court en banc reargue their contention that they should be entitled to rents and profits while respondent was in possession. They say if they are not entitled to rents then respondent is not entitled to interest and taxes. Appellants also reargue their contention that they should be given credit for the Richardson note of $5,000.

Respondent in his motion says this court should direct the trial court to allow him credit for amounts paid since the last appeal in this case.

From the papers filed since our last opinion was published we learn that on February 28, 1951, appellants deposited $18,000 with the clerk of the circuit court for respondent's benefit and asked the circuit court to order respondent to reconvey the farms to appellants. The order was made and the conveyances were executed. We presume, therefore, that appellants are now in possession. What is left to be done is to determine the amount respondent should be paid out of the $18,000. Some progress has therefore been made.

In the original lawsuit appellants contended that their deeds conveying the farms to respondent should be declared to be mortgages. Respondent contended the deeds were absolute. This court decreed the deeds were conditional sales. This court decreed that if appellants complied with the condition, that is, paid to the respondent what was due him then respondent should reconvey the farms. Appellants at no time agreed to comply with that condition until they made their deposit on February 28, 1951.

[437] Appellants by this agreement placed respondent in possession under the conditional sale. In such circumstances respondent was in possession as owner and not liable for rents until appellants offered to comply with the conditions, in this case repay or tender respondent what was due him.

Appellants say they should not be required to pay taxes and interest if denied rents. We did not pass on the question of taxes and interest. Note what appellants said in their brief:

"In other words no controversy existed between the parties at the time of the trial that the gross credits due defendant were as follows:

| | |
|---|---:|
| Amount due in Supreme Court opinion | $13,378.45 |
| Payment on deeds of trust | 2,419.00 |
| Payment properly charged for taxes | 518.86 |
| | |
| Total gross credits | $16,316.31 |
| Less credit directed by opinion | 500.00 |
| | |
| | $15,816.31" |

In their points and authorities no mention was made of interest and taxes. We did not see fit to complicate the matter further by interposing additional points. Appellants were given credits for removal of buildings and for plowing up a bluegrass pasture. We did not question those items because respondent did not appeal from the judgment. The correctness of the items of interest, etc., were not before this court.

As to the $5,000, we must adhere to our ruling that the question was res judicata.

This court found a definite sum to be due and authorized the trial court to adjust matters occurring subsequent to the appeal. It was appellants' duty to show to the court what had occurred since the appeal was taken to authorize credits.

Appellants' motion for rehearing or to transfer to the court en banc is overruled.

As to respondent's motion to modify and to direct the trial court to allow respondent credit for any amounts paid since the last appeal in this case, we say that our original mandate still stands. It is the

trial court's duty to adjust matters occurring after an appeal is taken. It should not be necessary for this court to make specific directions as to such matters.

The motion to modify is overruled.