Earl M. RAGAN et al., Respondents,

v.

Glen A. SCHREFFLER et al., Appellants.

No. 22806.

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1958.

Russell N. Pickett, Eugene E. Andereck, Phil Hauck, Trenton, for appellants.

R. Leroy Miller, Trenton, for respondents.

HUNTER, Judge.

Appellants-defendants, Glen A. Schreffler and his wife, Letha Schreffler, have appealed from an adverse judgment in the sum of $1,652.77 and costs rendered by the circuit court in favor of respondents-plaintiffs, Earl M. Ragan, and his wife, Katherine Ragan, in an action for an accounting for certain crops grown on a farm in Mercer County, Missouri, during the crop year of 1957.

In September, 1955, the parties entered into a contract whereby defendants agreed to sell the farm in question to plaintiffs for $18,720, and defendants were to furnish an abstract showing good and merchantable title and give possession to plaintiffs on March 1, 1956. Defendants refused to deliver possession, abstract and deed, and plaintiffs brought suit for specific performance of the contract and for an accounting of the income since March 1, 1956. Upon trial the circuit court on January 3, 1957, found the issues for plaintiffs, ordered specific performance, and gave judgment for plaintiffs which included an accounting of the 1956 rents. A portion of the judgment provided "That upon the payment by plaintiffs to defendants of the sum of $18,720.00, the purchase price in full, the defendants execute to plaintiffs a General Warranty Deed, with the usual covenants, conveying to plaintiffs * * * the land * * *." Defendants remained in possession, refused to deliver possession of or title to the farm to plaintiffs, and appealed the judgment to the Supreme Court.

On January 16, 1957, and after defendants filed their appeal in the Supreme Court, the defendants delivered to the Clerk of the trial court a warranty deed to the premises dated January 11, 1957, containing terms of conveyance of the land from defendants to plaintiffs for $18,720 with sufficient revenue stamps thereon; a certain rent check mentioned in the judgment, together with two abstracts of title covering the land and a letter directed to the trial court, to plaintiffs' counsel, and to the circuit clerk, which read in part as follows:

"(a) It is the opinion of the Defendants that the decision of the Trial Court is erroneous;

"(b) That in the event Defendants' motion for new trial is overruled, Defendants will appeal the decision of the Trial Court to the appropriate Appellate Court;

"(c) Nothing in this letter or in the act of the Defendants in forwarding to you the enclosures, is to be construed to be a waiver of the Defendants' rights to a new trial or rights of appeal or to be construed as a voluntary satisfaction of the Trial Court's judgment.

"(d) That in the event Defendants' motion for new trial is overruled, Defendants, on appeal do not intend to put up bond for supersedeas.

"(e) That in the event Defendants' motion for new trial is overruled and the Plaintiffs risk levying execution on the Trial Court's judgment while Defendants' appeal is pending in the Appellate Court, the enclosures are forwarded to you to save you and Plaintiffs the trouble of garnishment.

"(f) That in the event Plaintiffs risk levying the aforesaid execution, you are instructed to deduct from the sale price (which Plaintiffs are required by the judgment to pay you for the benefit of the Defendants), the court costs and the money judgment referred to in the Trial Court's findings and deliver to the Plaintiffs the enclosure.

"(g) You are further instructed that in that event, to notify Plaintiffs that the delivery of the enclosures is being made under protest and without waiver of Defendants' rights to appeal the judgment of the Trial Court herein.

"(h) You are further instructed in that event to notify Plaintiffs that in the event the judgment of the Trial Court is upset on Defendants' appeal, Defendants will make claim against Plaintiffs for all damages suffered by Defendants in these proceedings."

The circuit clerk testified it was his understanding that he would deliver these items to plaintiffs only on order or judgment of the Judge to do so.

On November 12, 1957, the Supreme Court found the issues on appeal in favor of plaintiffs and affirmed the judgment of the trial court. This phase of the parties' litigation is reported in Ragan v. Schreffler, Mo., 306 S.W.2d 494. We refer to only so much of it as is necessary to an understanding of the present phase of litigation of the parties.

Following the receipt of the Supreme Court decision, and as a continuation of the original case, plaintiffs filed a motion for an accounting of the crop and cash rent for the 1957 crop year; or as defendants state it, for an accounting for the profits during the time defendants remained in possession of the farm pending the appeal. The trial court on evidence heard found for plaintiffs in the sum of $1,652.77 and costs.

On this appeal defendants have contented themselves with a single contention of error; namely, that the trial court erred and abused its judicial discretion in finding that plaintiffs were entitled to possession of the farm and to an accounting of the 1957 crops and cash rent income. Defendants concede that if the trial court by the nature of the judgment had passed title to the land directly to plaintiffs, clearly plaintiffs would be entitled to rents and profits. See Sec. 511.280 RSMo 1949, V.A.M.S. Defendants argue that the January 3, 1957 judgment as a prerequisite to defendants' duty to convey and give possession ordered payment of the sale price by plaintiffs; that defendants did all that was required of them by giving the check, abstracts and deed to the circuit clerk with the mentioned letter of instruction, and that until plaintiffs paid the purchase price they acquired no right of possession or title to the farm and thus no right to the rents and profits from the farm.

Plaintiffs' position is that in spite of defendants' claim they complied with the original court judgment of January 3, 1957, they appealed their case to the Supreme Court which act itself prevented conveyance of merchantable title; that defendants never tendered the circuit clerk the court costs in the original case; never offered to pay the $1,717 judgment against them, nor tendered possession of the farm to plaintiffs on March 1, 1957, or at any time thereafter.

Based upon our examination of the record, much of which we have set out, we must and do agree with plaintiffs' assertion that they are entitled to an accounting for the 1957 rent.

While defendant argues plaintiff must first pay the purchase price before delivery of the deed all that is necessary under such circumstances as appear here is that plaintiffs be ready, able and willing to make such payment simultaneously with the delivery of the deed.

The transcript discloses, and the trial judge impliedly found that plaintiffs were ready, willing and able at all pertinent times to comply with the terms of the contract simultaneously with defendants tendering to them merchantable title to and possession of the farm. Defendants, however, refused to comply with the trial court's findings and order of specific performance, and elected to appeal. At no time did defendants indicate any position on their part other than that they were entitled to keep title to and possession of the farm, and that the trial court had erred in decreeing otherwise. Their letter to the trial court, to plaintiffs' counsel and to the circuit clerk was not a tender of merchantable title and possession upon plaintiffs' payment of the purchase price, but rather was their reiteration of their contention that they, defend-

ants, were legally entitled to retain title to and possession of the farm; that plaintiffs were not entitled to specific performance of the contract; that they were appealing the trial court's judgment to the contrary; that if plaintiffs wanted to incur the risk of levy while the appeal was pending the check, deeds and abstract were being placed in the clerk's hands to facilitate such levy, but if the levy did occur they, defendants, would look to plaintiffs for their damages.

 When the circuit court's original judgment was affirmed by the Supreme Court on November 12, 1957, the jurisdiction of the circuit court continued so as to enable plaintiffs to have an accounting for the 1957 rent and, accordingly, plaintiffs were entitled to file their motion for an additional accounting for the year 1957 during which they were wrongfully denied title to and possession of the farm because of defendants' claim thereto and defendants' unsuccessful appeal to the Supreme Court. State ex rel. Place v. Bland, en Banc, 353 Mo. 639, 183 S.W.2d 878; Stafford v. McDonnell, 361 Mo. 1077, 238 S.W. 2d 432, 437.

The rule ordinarily is that if the vendee is ready, willing and able to perform, delay being brought about by the vendor, the purchaser is entitled to rents and profits from the time possession should have been delivered under the terms of the contract, and under certain circumstances, is to be charged with interest on the purchase money. See Annotation, 25 A.L.R. 2d 951, 961, Sec. 14; 75 A.L.R. 316, 331(2); 92 C.J.S. Vendor and Purchaser § 288(2), pages 164–165; Sladkin v. Greene, 359 Pa. 528, 59 A.2d 105; Schneider v. Davis, 194 Md. 316, 71 A.2d 32–36.

In the instant case, defendants in the trial court and on this appeal did not and do not claim that they are entitled to interest on the purchase money and that question is not before us. Thus, in accordance with the general rule, it follows that where as here specific performance of a contract for the sale of land is decreed, and by the terms of the contract, and the decree, it is contemplated that payment and delivery of the deeds and transfer of possession are to occur simultaneously or as a part of the same transaction and the vendor refuses to carry out the contract and remains in possession, the vendee is entitled to an accounting of the rents and profits from the land between the day when possession and the deed should have been delivered and the day they are delivered.

For the reasons stated the judgment of the circuit court is affirmed. It is so ordered.

All concur.