Martin J. WARD and Edward P. Cleary, Personal Representatives of the Estate of Amelia C. Huesgen, Deceased, Respondents,

v.

J & M FARMS, INC., A Missouri Corporation, Appellant.

No. WD 45670.

Missouri Court of Appeals, Western District.

Dec. 22, 1992.

William A. Peterson, Marshall, for appellant.

James T. Buckley, Buckley & Mitchell, Sedalia, for respondents.

Before BERREY, P.J., and ULRICH and SMART, JJ.

PER CURIAM.

J & M Farms, Inc., appeals from the portion of a decree ordering it to pay prejudgment interest in an action involving specific performance of a land contract.

The decree is affirmed.

The controversy originated from the sale of farm land owned by the estate of Amelia C. Huesgen by the personal representatives, Martin J. Ward and Edward P. Cleary ("the sellers"), to J & M Farms, Inc.

("the buyer"). As successful bidder in a sealed-bid auction, the buyer agreed to a purchase price of $87,751 and made a ten percent down payment. The sales contract allowed the buyer to take immediate possession of the farm on February 25, 1986. That contract made no provisions for the payment of interest.

The closing date was extended by mutual agreement and set for June 16, 1986. However, the sellers encountered difficulties in furnishing marketable title, and were unable to meet the closing date. Accretions from changes in the course of the Missouri River had destroyed boundary markers. The land had to be surveyed. Signatures of adjoining land owners were required on new boundary line agreements. The title insurance company experienced delays in processing the paperwork. Although the process took over four years, the sellers were able to present marketable title on August 29, 1990.

In the interim, the buyer had continuous possession of the farm. The buyer made improvements to the land; the buyer planted, harvested, and sold crops; and in some years, the buyer received government payments through agricultural stabilization programs. Paying no rent to the sellers, the buyer kept all farm income. The sellers paid the property taxes from 1986 to 1990.

Even though both parties were willing to proceed with the sale after establishment of clear title, they disagreed about payments above the contract price. Bringing suit in 1991, the sellers advanced in an amended petition a quasi-contract claim, asserting that the buyer would be unjustly enriched by its rent-free possession of the land and retention of the income. The sellers sought interest on the balance of the purchase price from the scheduled closing date (June 16, 1986), reimbursement for the property taxes, and interest on those taxes. The buyer counterclaimed for specific performance of the land contract.

After trial, the court granted the sellers' claim for unjust enrichment and the buyer's counterclaim for specific performance. In its decree, the trial court ordered the buyer to pay the sellers interest on the balance of the purchase price from the scheduled closing date, and to reimburse the sellers for the property tax payments plus interest.

On appeal, the buyer challenges the award of prejudgment interest. The buyer maintains that the sellers' principal claim for unjust enrichment was unliquidated, and was, therefore, not subject to the assessment of interest. According to the buyer, the sellers based their claim of unjust enrichment on possession of the land and retention of the farm income. The buyer argues that the value of the land with a defective title was incapable of determination, and that the amount of the farm income was not proved at trial.

■ The buyer's adherence to the general rule that interest is not recoverable on an unliquidated demand is unavailing. That rule is not meant to deny compensation for the use of or the loss of use of money to which a person is entitled. *See Catron v. Columbia Mut. Ins. Co.*, 723 S.W.2d 5, 7 (Mo. banc 1987). Here, the use of the land is easily equated with the balance due on the purchase price. Neither party disputed the unpaid balance of $78,976 on the purchase price under the land contract.

■ When performance of a land contract is delayed, equitable considerations govern the allowance of interest in absence of express contractual provisions for interest. Under equitable principles, neither party to a land contract should be able to enjoy both the beneficial use of the property and the use of the purchase money without being held accountable in some manner to the other party. Annotation, *Rights as Between Vendor and Vendee Under Land Contract in Respect of Interest*, 25 A.L.R.2d 951, 953 (1952). If the seller is in possession, receiving the income from the land, he may be denied interest on the purchase money. *Id.* Conversely, if the buyer is in possession, receiving the income, and retaining control of the purchase money, he may be required to pay interest on the money to compensate the seller for the loss of its use and of the

income from the land. *Id.; e.g., Ragan v. Schreffler,* 316 S.W.2d 659, 662 (Mo.App. 1958).

Application of the equitable principles to the facts supports the award of interest to the sellers. When marketable title was not available on the closing date, the buyer chose to remain in possession of the farm. Receiving all income from the farm, the buyer enjoyed the benefits of ownership without having to pay interest on the loan of the purchase price for the farm. During the delay in performance, the buyer had both the use of the property and the use of the purchase money. Under these circumstances, the sellers deserved compensation for the loss of use of that purchase money. The trial court appropriately awarded the sellers interest.

The buyer's sole point is denied. The decree is accordingly affirmed.