Earle V. POWELL (formerly Jo M. Ferguson), Commissioner of Economic Security, Commonwealth of Kentucky, Appellant,

v.

Eugene BINGHAM, Appellee.

Court of Appeals of Kentucky.

Oct. 6, 1961.

Paul E. Tierney, Forest Smith, Clarence E. Powell, Dept. of Economic Security, Frankfort, for appellant.

Charles B. Amis, Barbourville, for appellee.

CULLEN, Commissioner.

The Appeal Board of the Department of Economic Security upheld the decision of a referee denying the application of Eugene Bingham for aid for his dependent children under KRS Ch. 205. The ground of denial was that Bingham was not incapacitated within the meaning of KRS 205.010(5). Upon appeal by Bingham to the circuit court judgment was entered reversing the order of the board and directing that Bingham's children be added to the rolls of those receiving aid as of the date the appeal was first set for hearing in the circuit court. The appeal here is by the Commissioner of Economic Security from that judgment.

The primary contention of the appellant is that there was sufficient probative evidence to support the finding of the Appeal Board that Bingham was not incapacitated, and therefore the circuit court erred in setting aside the order of the board. See KRS 205.230(5). The record sustains this contention.

The Appeal Board had before it the reports of three doctors. One found Bingham to be suffering from several ailments, some of which would be correctible by surgery. It was this doctor's opinion that even without the corrective surgery Bingham was able to do light work. A second doctor reported that Bingham had a mastoid condition such as to render him unable to do any work. The doctor recommended an operation. A third doctor, appointed by the Appeal Board to make a special examination (about one year after the second doctor's examination) reported that he found no evidence of a disabling mastoid condition and there was no need for surgical treatment. Under the decision in Barnes v. Turner, Ky., 280 S.W.2d 185, the Appeal Board was warranted in finding from this evidence that Bingham was not incapacitated. It is our opinion, therefore, that the court erred in setting aside the order of the board.

We do not reach two other questions raised by the appellant, as to whether the court had power to order the children placed on the aid rolls without there having been a determination by the department of eligibility qualifications other than parental incapacity, and as to whether the court lawfully could order retroactive payments of aid.

The judgment is reversed with directions to enter judgment sustaining the order of the Appeal Board.