**Earle V. POWELL, Commissioner, et al.,
Appellants,**

**v.**

**Charlie BAILEY, Appellee.**

Court of Appeals of Kentucky.

March 6, 1964.

Paul E. Tierney, Forest Smith, Frankfort, for appellants.

Hiram Brock, Jr., Harlan, for appellee.

DAVIS, Commissioner.

On April 13, 1962, the Appeal Board, Department of Economic Security, Division of Public Assistance, determined that Charlie Bailey was not eligible for public assistance. He appealed to the Harlan Circuit Court, where the decision of the Appeal Board was reversed. This appeal challenges the action of the Harlan Circuit Court. KRS 205.230.

The question is whether the Harlan Circuit Court erred in reversing the Board's determination that Bailey had ceased to be eligible for aid to dependent children. Determination of the question requires disposition of two issues: (1) whether the Board's decision was supported by suffi-

cient probative evidence, and (2) whether Bailey's eligibility for aid has become *res judicata.*

Powell v. Bingham, Ky., 350 S.W.2d 150, reiterates our rule that the scope of review by the circuit court in a case of this nature is limited. KRS 205.-230(5) (a) explicitly restricts the circuit court review to determination of whether there was sufficient probative evidence before the Appeal Board to support its decision. Review of the evidence before the Board discloses that competent medical witnesses testified that appellee is capable of returning to gainful employment. One of the doctors expressed the view that appellee should be encouraged to work, although he harbors some resentment toward those who attempt to cause his return to work. Appellee recounted many ailments which he regards as totally disabling. The evidence before the Board was in sharp dispute; the Board was persuaded by the evidence offered by appellants. The evidence is of sufficient probative value to support the Board's decision. The circuit court went beyond its scope of review when it resolved the conflicting probative evidence contrary to the Board's conclusion. This was error.

The *res judicata* phase of the case arose thus: Bailey had previously applied for public assistance under KRS Chapter 205. He appealed to Harlan Circuit Court from the adverse ruling of the Board. On that appeal the circuit court did, on June 6, 1960, enter an order adjudicating that Bailey was eligible for public assistance because of his physical disability. Pursuant to that order Bailey received retroactive payments amounting to $1,392 and current payments through December, 1961, aggregating $1,596. It was recited in the Harlan Circuit Court order of June 6, 1960, that payments to Bailey should continue until further orders of the court.

The issue before the Harlan Circuit Court in the original action was whether the February 2, 1960, order of the Appeal Board was correct. There was no issue as to how long Bailey should receive payments. It is fundamental that the doctrine of *res judicata* relates only to matters in issue. If a question is not in issue, it is immaterial that it was "passed on" by the court. See Catlin v. Justice, 288 Ky. 270, 156 S.W.2d 107, and 30A Am.Jur., Judgments, § 375, p. 422. Therefore, the recital of the Harlan Circuit Court that Bailey's payments should continue until further orders of the court did not refer to any justiciable issue before the court and is not *res judicata.*

The judgment is reversed for entry of judgment consistent with this opinion.