DEPARTMENT OF ECONOMIC SECURITY, DIVISION OF PUBLIC ASSISTANCE, Earle V. Powell, Commissioner, Appellant,

v.

Arvil Lee MILLS, Appellee.

Court of Appeals of Kentucky.

May 28, 1965.

Paul E. Tierney, Forest Smith, Frankfort, for appellant.

J. W. Jordan, Barbourville, for appellee.

STEWART, Judge.

This is an appeal from a judgment of the Knox Circuit Court that set aside an order of the Appeal Board of the Department of Economic Security, Division of Public Assistance. The order denied aid to Arvil Lee Mills for his dependent offspring; the judgment found he was totally and permanently disabled and ordered that he receive public assistance for his child.

Appellee has not filed a brief and we have elected to dispose of this case in accordance with Rule 1.260, subsection 1, paragraph (c), that is, "Accept the appellant's statement of the facts and issues as correct."

Appellee, then 29, initially applied for public assistance for his only daughter on November 8, 1961. Based upon medical reports made at the time, he was found to be eligible for public assistance. He was placed on the rolls and received aid from January 1, 1962, until July 12th of the same year. Payments to him were stopped after the latter date because the Appeal Board concluded, as a result of an extensive investigation, that his incapacity to work no longer existed.

A reapplication dated October 24, 1962, was denied by the Appeal Board on August 6, 1963. This denial was primarily premised upon the medical opinions of two Lexington specialists who had been directed to examine Mills. Mills' complaints in his application were listed as duodenal ulcer and osteoarthritis of the right knee, which he contended disabled him so he could not work at a gainful occupation. Dr. Eugene Q. Parr, who is associated with the Lexington Clinic, X-rayed his stomach and duodenum and found no trace of ulceration or other lesion. Also, he stated that X-rays of the knee failed to reveal any arthritis.

Dr. Donald I. George, a psychiatrist, gave Mills extensive psychophysiologic tests and came up with the diagnosis:

"This man has not made a satisfactory vocational adjustment when there was anything more than minimal stress in the past. He has lacked drive and aggressiveness and has passively drifted along. Despite this, I suspect that he does more than he will admit and at his age I do not see how he can be written off as a disabled person."

The question before us is whether the Knox Circuit Court, in its review of the record in this case, erred in reversing the Appeal Board's order which determined, upon the basis of the two medical reports, that Mills had ceased to be eligible for aid for his dependent child. KRS 205.230(5)(a) restricts a review in circuit court, in a case such as the one before us, to a determination of whether there was any substantial evidence that supports the finding of the Appeal Board. See also Powell v. Bailey, Ky., 376 S.W.2d 532.

As shown above, the evidence before the Appeal Board discloses that medical specialists stated, after objectively examining Mills, that he was capable of returning to gainful employment. The burden of proving that he is unable to work and earn a living for his family rested upon him. This burden was not sustained by him.

The mere fact that an able-bodied father lacks drive and aggressiveness and has been content merely to drift along is insufficient justification for absolving him of his statutory duty to support his offspring and for rewarding him with a monetary grant at the public expense.

The circuit court went beyond its scope of review when it resolved the conflicting probative evidence contrary to the Board's conclusion. This was error. Powell v. Bailey, supra.

Wherefore, the judgment is reversed with directions to enter a new one sustaining the order of the Appeal Board.