C. Leslie DAWSON, Commissioner, Depart-
ment of Economic Security, Appellant,

v.

Melvie HENSLEY, Appellee.

Court of Appeals of Kentucky.

Jan. 26, 1968.

Paul E. Tierney, Forest Smith, Frank-
fort, for appellant.

Karl S. Forester, Harlan, for appellee.

W. MAJOR GARDNER, Special Com-
missioner.

Appellee, Melvie Hensley, applied for
public assistance, claiming he was physical-
ly unable to work. The Division of Public
Assistance determined that he was not in-
capacitated and denied his claim. The ref-
eree and the appeal board concurred in the
findings. The case was appealed to the
circuit court, where it was remanded to the
board for another hearing "with proof to
be taken by deposition in the proper man-
ner." Written reports and statements of
several physicians were made parts of the

record. No attempt was made to take the deposition of the doctors, nor were they called on to give oral testimony before the examining officers.

Judicial review of the board's action is limited by KRS 205.234(3) to whether or not: (a) there was sufficient probative evidence to support the appeal board's order; (b) the regulations upon which the order was based are reasonable; and (c) the appeal board acted arbitrarily, unlawfully, or in such a manner as to constitute an abuse of discretion. Apparently the trial judge was of the opinion that since there was no evidence presented in the usual trial manner there was no "probative evidence" to support the board's findings.

▇▇ We do not find any authority limiting the term "probative evidence" to testimony presented by deposition or oral statement made in open court. As stated in Globe Indemnity Co. v. Daviess, 243 Ky. 356, 47 S.W.2d 990, "Probative evidence is testimony carrying the quality of proof and having fitness to induce conviction of truth. It consists of fact and reason co-operating as co-ordinate factors." From a reading of the provisions of Chapter 205, we are convinced the legislature did not intend to require that only evidence presented by deposition or oral hearing before the referee or board could be reviewed by the court. From the filing of the application through the various steps of determination by the Division of Public Assistance, the referee, and the appeal board, it is contemplated that the evidence will be by statements, reports, and affidavits. Depositions are permitted but are not required. While the precise question was not in issue in Department of Economic Security, Division of Public Assistance v. Mills, Ky., 391 S.W.2d 355, the court held that the appeal board's order could be reviewed by the court only to determine "whether there was any substantial evidence that supports the finding of the Appeal Board." In that case the board decided that applicant had ceased to be eligible for aid for his dependent child, the determination being made "upon the basis of the two medical reports." No deposition evidence was in the record.

In Cabe v. City of Campbellsville, Ky., 385 S.W.2d 51, it was held to be the duty of the court to sift and sort the evidence to determine if there was "some reliable and substantial evidence" on which to base the decision in question. See also Dawson v. Driver, Ky., 420 S.W.2d 553.

▇▇ Appellee insists that this being a judicial review all proof must conform to the Kentucky Rules of Civil Procedure. We find the code making provision for just this kind of procedure. As recited in CR 1, the rules govern the procedure and practice in all courts of this state, "with the exception that they do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute." So, we find that where the statute, as in the present case, sets forth the procedure, the rules must give way to it if they are in conflict or inconsistent with the statute. Chapter 205 provides the manner of presenting the evidence, that the evidence be certified to the court by the commissioner, and that the court shall hear the record as certified by the commissioner.

The judgment is reversed and the case is remanded for review as prescribed by KRS 205.234.

All concur.