**Gail HUECKER, Commissioner of Economic Security, Appellant,**

**v.**

**Martha RAINS, Appellee.**

Court of Appeals of Kentucky.

June 30, 1972.

Paul E. Tierney, Forest Smith, Dept. of Economic Security, Frankfort, for appellant.

Mark Anderson, Middlesboro, for appellee.

REED, Judge.

Martha Rains applied for public assistance because of claimed permanent and total disability. KRS 205.200(1). The Department of Economic Security initially rejected the claim. The claimant, who was represented by counsel, pursued the administrative appeal provided by KRS 205.230. Upon conflicting medical evidence, the referee found that claimant had failed to establish permanent and total disability. Claimant thereupon appealed that determination to the appeal board, an administrative body legislatively created by KRS 205.231(3) to hear and determine the type of complaint involved herein. The appeal board reviewed the evidence and found that claimant was not "permanently and totally disabled" as that term is defined by administrative regulation of the Department of Economic Security. The claimant thereupon sought judicial review of these adverse administrative determinations in accordance with the provisions of KRS 205.-234. The circuit court considered the record, reversed the administrative determinations and directed that the claimant be granted public assistance payments. The Department of Economic Security thereupon appealed that judgment to this court. We reverse the circuit court.

The claimant produced medical testimony to the effect that in the opinion of Dr. Ralph R. Robinson she was totally disabled from seeking gainful employment because of coronary insufficiency with atrial fibrillation. This diagnosis was given on November 14, 1968. On March 7, 1969, Dr. Kenneth W. Smith, specialist in internal medicine at the Appalachian Regional Hospital, Middlesboro, Kentucky, made a diagnosis that no objective evidence of significant respiratory or cardiac disease existed. Dr. Smith's diagnosis was that claimant had a neurotic personality, that a chronic duodenal ulcer possibly existed and that the patient had a small goiter clinically euthyroid. ("Euthyroid pertains to a condition 'having a normal functioning thyroid gland.' ")

The scope of judicial review, insofar as is applicable to this case, is specified in KRS 205.234(3). The court is limited to deciding whether there was sufficient probative evidence to support the appeal board's order or whether the appeal board acted "arbitrarily, unlawfully, or in such manner as to constitute an abuse of discretion." In Department of Econ. Sec., Div. of Pub. Assist. v. Mills, Ky., 391 S.W. 2d 355 (1965); Dawson v. Driver, Ky., 420 S.W.2d 553 (1967), and Dawson v. Hensley, Ky., 423 S.W.2d 911 (1968), we delineated the limited scope of judicial review in these cases; the general rules by which administrative findings of the nature here involved should be judicially tested were also stated. It suffices to say in this case that the findings of the referee and the appeal board were sufficiently supported by substantial evidence. More simply, the administrative decision was to ac-

cept the opinion of Dr. Kenneth Smith and reject the opinion of Dr. Ralph Robinson. The record reveals that Dr. Smith was a highly qualified diagnostician who made a complete and extensive physical examination of the claimant; this procedure also included laboratory and clinical tests. The circuit court, therefore, was unauthorized to substitute its evaluation of the weight and credibility of the evidence for that of the appeal board.

The judgment is reversed with directions to enter a new judgment affirming the decision of the appeal board.

All concur.