**Kent HILL, Appellant,**

v.

**KENTUCKY PAROLE
BOARD, Appellee.**

No. 2006–SC–000481–DG.

Supreme Court of Kentucky.

April 24, 2008.

---

Mark Stavsky, Chase College of Law, Northern Kentucky University, Highland Heights, KY, for Appellant.

Brenn Oliver Combs, Justice and Public Safety Cabinet, Office of Legal Services, Frankfort, KY, for Appellee.

Opinion of the Court by Justice SCHRODER.

The issue in this appeal is whether failure to timely tender the $25.00 court facility fee in addition to the $125.00 filing fee (with the notice of appeal) requires an automatic dismissal of the appeal. Although the court facility fee was authorized by statute, and by statute is to be collected by the clerk at the time the notice of appeal is filed, the civil rules were not amended to implement the collection of the court facility fee at the time the filing fee is paid and the notice of appeal is filed. Therefore, we reverse the Court of Appeals and remand the matter for further proceedings.

On November 1, 2005, Kent Hill, a pro se inmate, filed an appeal of a decision of the Kentucky Parole Board in the Franklin Circuit Court. The petition was dismissed by the circuit court on the merits on February 27, 2006, and Hill's CR 59.05 motion to alter or amend was denied on March 7, 2006. Within 30 days, Hill timely tendered a Notice of Appeal and a filing fee of $125.00 to the Franklin County Circuit Court Clerk. CR 73.02(1). The clerk returned the notice and the check for $125.00 with an explanation that the filing fee is $150.00. The clerk's note is dated April 6, 2006, which was the last day to timely file a notice of appeal pursuant to CR 73.02(1). Shortly thereafter, Hill sent the notice of appeal with a check for $150.00 to the clerk. The Franklin County Circuit Court Clerk issued a receipt on April 13, 2006, which was more than thirty days from the denial of the CR 59.05 motion.

The Court of Appeals issued a show cause to Kent Hill as to why his appeal should not be dismissed for failure to timely file his notice of appeal. Hill's response was that he timely sent the notice with the

$125.00 filing fee as set forth in CR 76.42(2); that there was no notice of the extra $25.00 court facility fee; and that he substantially complied with the requirements for filing an appeal. The Court of Appeals recognized that in addition to the $125.00 filing fee authorized by CR 76.42(2)(a)(i), KRS 23A.220(3) permits a fiscal court to impose an additional $25.00 court facility fee to be collected by the circuit court clerk at the same time the filing fee is collected and the notice of appeal filed. The Franklin County Fiscal Court did adopt the $25.00 court facility fee which was to be collected by the Circuit Clerk at the time the notice of appeal and the $125.00 filing fee were filed. The Court of Appeals determined that the fiscal court did adopt the court facility fee, and that the statute required the collection of the court facility fee when the clerk collected the filing fee. Therefore, the court concluded that the Appellant did not tender the entire amount of the fees with the notice of appeal, that the subsequent tender was not timely, and that the appeal must be dismissed.

We granted discretionary review to determine whether an appeal should automatically be dismissed for failure to file the court facility fee within the time required for filing the notice of appeal and the filing fee. CR 73.01(2) requires a person desiring to appeal a court decision to file a notice of appeal in the court from which the appeal is taken. CR 73.02(1)(a) requires the notice of appeal be filed within thirty days of the judgment or order appealed. CR 73.02(1)(b) requires the filing fee required by 76.42(2)(a)(i) accompany the notice of appeal, and the notice is not to be filed without said fee for an appeal. CR 76.42(2)(a)(i) sets the filing fee at $125.00.

KRS 23A.220(1) authorizes a $25.00 court facility fee to be collected, in addition to a filing fee, on civil actions filed in circuit court. KRS 23A.220(2) authorizes that, in criminal cases, a $25.00 court facility fee may be added to the court costs a defendant is required to pay. KRS 24A.185(5) authorizes a court facility fee on civil actions filed in the district court. KRS 23A.220(3) authorizes a $25.00 court facility fee to be collected by the circuit clerk with the filing fee when a notice of appeal is filed. The civil rules were subsequently amended by the Supreme Court to deal with the court facility fee.[1] The circuit clerk is instructed by CR 3.02(1)(b) to collect the court facility fee, in addition to the filing fee, at the time of filing suit in circuit court. CR 3.03(1)(k) requires the district clerk to collect the court facility fee, in addition to the filing fee, at the time of filing suit in district court. CR 76.42(1) however states, "[e]xcept for a filing fee, no costs shall be taxed in proceedings in the Supreme Court and Court of Appeals...."

Whether or not the omission of the court facility fee in the civil rules for cases appealed to the Supreme Court or the Court of Appeals was intentional or an oversight is not for us to decide in this appeal. The rule says what it says, only a filing fee has to be collected with the filing of the notice of appeal. Kent Hill timely tendered the notice of appeal with the filing fee required by the civil rules. His appeal should have been docketed. Although the statutory court facility fee may still be collected on appeals to the Supreme Court and to the Court of Appeals, the civil rules do not specify when to collect the fee in appeals. Therefore, payment of the court facility fee is not a condition precedent to filing the notice of appeal, as is the filing fee. The trial court may issue a show cause order to

---

1. Effective January 1, 2005 (2005–1).

ensure the court facility fee is paid, but failure to tender the court facility fee within the time limits of CR 73.02(1)(a) shall not result in the automatic dismissal of the appeal.

Accordingly, the order of dismissal of the Court of Appeals is reversed and this matter is remanded for reinstatement of Appellant's appeal upon payment of the filing fee and the refiling of the notice of appeal.

All sitting. All concur.