Larry S. FIELDS, M.D., Appellant,

v.

Andrea WOMACK, Administrator of the Estate of Homer T. Womack, Jr.; Noah Thomas Homer Womack, Through His Guardian, Cheryl Miller; and American Physicians Assurance Corporation, Appellees.

and

Andrea Womack, Administratrix of the Estate of Homer T. Womack; and Noah Thomas Womack, Through His Guardian and Next Friend, Cheryl Miller; Cross–Appellants,

v.

Larry S. Fields, M.D.; and Family Medicine Center, P.L.L.C., Cross–Appellees.

and

Family Medicine Center, P.L.L.C., Cross–Appellant,

v.

Andrea Womack, Administrator of the Estate of Homer T. Womack, Jr.; and Noah Thomas Homer Womack, Through His Guardian, Cheryl Lynn Miller, Cross–Appellees.

Nos. 2007–CA–001255–MR, 2007–CA–001337–MR, 2007–CA–001361–MR.

Court of Appeals of Kentucky.

Sept. 11, 2009.

David O. Welch, Ashland, KY, for Appellant/Cross–Appellee, Larry S. Fields, M.D.; and for Cross–Appellee/Cross–Appellant, Family Medicine Practice, P.L.L.C.

Jerome P. Prather, Lexington, KY, for Appellees/Cross–Appellants, Andrea and Noah Womack.

Walter E. Haggerty, Cincinnati, OH, for Appellee/Cross–Appellant, American Physicians Assurance Corporation.

Before CLAYTON and THOMPSON, Judges; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge.

The instant appeal presents three issues for our review. Appellants/Cross–Appellees, Larry S. Fields, M.D. and Family Medicine Center, P.L.L.C., contend that the trial court erred in approving a mediated settlement of a medical negligence claim brought against them. They further argue that it was error for the trial court to deny their motions to dismiss the underlying claim for untimeliness. Appellees/Cross–Appellants, Andrea Womack, et al., argue that it was error for the trial court to fail to award them attorney fees. Upon our review of the record, we affirm the judgment of the Greenup Circuit Court.

On March 15, 2002, Homer T. Womack was taken by ambulance from his home in Carter County to a hospital in Boyd County. He was treated but died the next day when he suffered an aortic valve dissection. From March of 1995 through January 2002, Womack had been a patient of Dr. Larry S. Fields and the Family Medicine Center at their medical offices in Greenup County. Womack's wife and son brought a medical negligence action in the Boyd Circuit Court on March 13, 2003,

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

naming various doctors, a hospital and other medical personnel as defendants. They claimed that Womack's death was caused by failure to diagnose and treat his bicuspid aortic valve/aortic root dilation.

Dr. Fields and Family Medicine Center moved to dismiss for improper venue. The Boyd Circuit Court sustained the motion relying on KRS 452.450 and 452.460, statutes that require certain actions to be brought where the defendant or his agent resides or where the injury occurred. The "without prejudice" order of dismissal of the Boyd Circuit Court was entered July 21, 2003. On August 6, 2003, the Womacks filed a substantially similar civil action in the Greenup Circuit Court. It named Dr. Fields and Family Medicine Center as defendants, and they promptly sought dismissal on grounds that the claim was not timely. The trial court overruled the motion.

The parties invested significant time and expense in discovery. In January 2005, the insurance company that provided medical malpractice insurance coverage to Dr. Fields and Family Medicine Center elected not to renew coverage. Pursuant to the insurance contract, the insureds, Dr. Fields and Family Medicine Center, were offered an opportunity to purchase an extended reporting endorsement, commonly referred to as "tail" coverage. The required premium was never paid. The insurance carrier, American Physicians Assurance, then chose to enforce the consent clause of the policy, granting the insurance company the right to settle any claim without the consent of the former insureds, Dr. Fields and Family Medicine Center.

On August 26, 2005, the trial court entered an order pursuant to an agreed motion requiring the parties to submit to mediation. Dr. Fields and Family Medicine did not participate. Counsel for the insurance carrier negotiated a settlement with the Womacks, and the Womacks filed a motion to have the trial court approve the agreed upon settlement. Dr. Fields objected. The insurance company, American Physicians Assurance, then filed its motion to intervene, and the trial court approved the settlement by order entered March 14, 2007. Dr. Fields and Family Medicine Center appealed to this Court, and the Womacks cross-appealed.

By order entered on July 12, 2007, this Court directed the Womacks to show cause why their cross-appeal should not be dismissed as it had been filed one day beyond the prevailing deadline. The notice of cross-appeal was tendered to the clerk's office in a timely manner along with the fee required for filing. For reasons that are unclear, the clerk's office erroneously failed to file the notice until an additional fee was paid. The notice was therefore not filed as such by the clerk until one day after the deadline. Family Medicine Center then filed its own cross-appeal referencing the Womack's cross-appeal. As determined by this court's motion panel, sufficient reasons were shown to prevent dismissal and to allow both cross-appeals to go forward. We reaffirm that ruling herein. *Hill v. Kentucky Parole Board*, 250 S.W.3d 314 (Ky.2008); *See also Motors Ins. Corp. v. Fields*, 294 S.W.2d 518 (Ky.1956); *Merrick v. Commonwealth*, 132 S.W.3d 220 (Ky.App.2004); *Smith v. Goodyear Tire & Rubber Co.*, 772 S.W.2d 640 (Ky.App.1989).

■ Dr. Fields and Family Medicine Center claim trial court error for failure to dismiss the second (Greenup Circuit) civil action brought by the Womacks. The controlling statute is as follows:

If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court had no jurisdiction of the ac-

tion, the plaintiff or his representative may, within ninety days from the time of that judgment, commence a new action in the proper court.

KRS 413.270(1). The Womacks first filed suit in the Boyd Circuit Court within the time allowed by law. Nothing in the record suggests that it was not brought in good faith. As was their right, Dr. Fields and Family Medicine Center sought dismissal of the action in the Boyd Circuit Court on grounds of improper venue, and that court dismissed the action without prejudice on July 21, 2003. In such circumstances, KRS 413.270(1) provides an additional ninety-day period to bring the action in an appropriate forum. The Womacks did just that. They filed a new claim on August 6, 2003, in the Greenup Circuit Court, naming Dr. Fields and Family Medicine Center. This was well within the ninety-day time period allowed.

The Womacks' Greenup Circuit Court action was protected by the saving statute, KRS 413.270(1). Venue in the Greenup Circuit Court was proper, and there was no error by allowing the action to proceed. *Dollar General Stores, Ltd. v. Smith,* 237 S.W.3d 162 (Ky.2007), is controlling.

Dr. Fields and Family Medicine Center next contend that the mediated settlement is void as to each of them. They suggest this because neither they nor their attorney were present at the mediation, and American Physicians Assurance, who was present, lacked authority to settle the claim without their consent. They also argue that there was never a grant of authority to the insurance company to settle the claim, that the mediation was not conducted in a timely manner and that the mediation included parties from the Boyd Circuit Court action. There is no merit in these arguments.

■ As to the authority of the insurance company to settle, Dr. Fields and Family Medicine Center were notified by American Physicians Assurance that their medical malpractice policy would not be renewed. The insurance company had this option as a part of the contract of insurance. They were provided the opportunity to purchase ongoing or "tail" insurance coverage which would have preserved their right to require the insurance company to refrain from any settlement they did not approve. Dr. Fields and Family Medicine Center failed to preserve this right.

■ "In the absence of ambiguity a written instrument will be strictly enforced according to its terms." *Mounts v. Roberts,* 388 S.W.2d 117, 119 (Ky.1965). The insurance contract provides that the insurance company shall not settle any claim without written consent from the insured unless "[t]he COMPANY, at the time of payment of DAMAGES, no longer provides professional liability insurance to the NAMED INSURED." It is clear from the record that at the time of the mediation, American Physicians Assurance had ceased to provide professional liability insurance to Dr. Fields or Family Medicine Center. The insurance company was free to settle the action as it chose. It did not require authorization or permission from Dr. Fields or Family Medicine Center. All other arguments are moot.

■ Finally, by their cross-appeal, the Womacks argue that it was error for the trial court to fail to award attorney fees for what they term a "frivolous motion and appeal." They contend that it was not reasonable for Dr. Fields and Family Medicine Center to object to the settlement in view of the clear contract language.

■ With respect to payment of attorneys' fees, Kentucky follows the American Rule. The rule provides "in the absence of a statute or contract expressly providing therefor, attorney fees are not allowable as

costs, nor recoverable as an item of damages." *Cummings v. Covey,* 229 S.W.3d 59, 61 (Ky.App.2007). There is nothing here to suggest that the trial court abused its discretion when it followed the general rule that parties in litigation are responsible for their own attorney fees. There was no abuse of discretion, and there was no error.

In summary, the Greenup Circuit Court was correct in its determination that the complaint was brought in a timely manner pursuant to the saving statute. There was no error when the court overruled Dr. Fields's and Family Medicine Center's motion to dismiss. By virtue of its contract, American Physicians Assurance had full authority to settle the case, and the trial court did not abuse its discretion when it declined to award attorney fees to the Womacks.

The judgment of the Greenup Circuit Court is affirmed.

ALL CONCUR.