RENDERED: APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1502-MR

LOUISVILLE/JEFFERSON COUNTY                                          APPELLANT
METRO GOVERNMENT


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE MARY M. SHAW, JUDGE
                    ACTION NO. 17-CI-004975


DEZMON MOORE AND KENTUCKY                                            APPELLEES
UNEMPLOYMENT INSURANCE
COMMISSION


                          OPINION AND ORDER
                             DISMISSING

                          ** ** ** ** **

BEFORE: ACREE, MCNEILL, AND L. THOMPSON, JUDGES.

ACREE, JUDGE: On October 28, 2019, this Court ordered Appellant

Louisville/Jefferson County Metro Government to show cause why its appeal

should not be dismissed as untimely. Having reviewed its response, the Court

concludes Appellant failed to show good cause and dismisses the appeal.

As stated in the show cause order, Appellant pursued this appeal from a final order of the Jefferson Circuit Court entered August 27, 2019. Appellate review is procedurally initiated by compliance with Kentucky Rules of Civil Procedure (CR) 73.02(1)(a). Appellant was required by that rule to file a notice of appeal with the circuit clerk, accompanied by the proper filing fee, no later than September 27, 2019. Appellant tendered its notice of appeal on September 25, 2019 but failed to pay the requisite filing fee until October 4, 2019. According to CR 73.02(1)(b), a notice of appeal "shall not be docketed or noted as filed until such payment is made." In compliance with that rule, the clerk did not file, docket, or otherwise enter Appellant's notice of appeal, waiting until receipt of the filing fee. *Hill v. Kentucky Parole Bd.*, 250 S.W.3d 314, 315 (Ky. 2008) ("CR 73.02(1)(b) requires the filing fee required by 76.42(2)(a)(i) accompany the notice of appeal, and the notice is not to be filed without said fee for an appeal."). Appellant did not pay the filing fee, and the notice of appeal was not filed, until October 4, 2019, date well outside the applicable timeframe.

In response to this Court's show cause order, Appellant claims its failure to timely pay the filing fee was the result of counsel's ignorance of the law. Counsel believed he did not have to pay a filing fee because Louisville/Jefferson County Metro Government is a political subdivision of the Commonwealth and

therefore exempt from paying a filing fee. This is not correct. The express language of the rule is that "No filing fee shall be payable by the Commonwealth . . . ." CR 76.42(2)(b). This Court lacks the authority to extend the rule beyond the sovereign to its subdivisions.

This case is analogous to *Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc.*, 37 S.W.3d 713 (Ky. 2000), *as modified on denial of reh'g* (Ky. 2001). In *Excel*, the appellant tendered a notice of appeal utilizing a procedure of file stamping items and then depositing them in an in-basket at the Clerk's office, commonly known as "clock and drop." *Id.* at 715. The appellant failed to tender the required filing fee. As in the instant case, the 30-day window for filing a notice of appeal closed before the clerk informed counsel of his failure to pay the fee. As here, counsel in *Excel* reacted quickly and, very soon after the clerk's call, paid the filing fee. *Id.* But even one day late was not soon enough.

In both the instant case and in *Excel*, the notice of appeal was filed on the day the fee was received. *Id.* at 716 ("the Jefferson Circuit Court Clerk refused to file [the] notice of appeal, *i.e.,* note it on the docket sheet as filed, until it received the filing fee. This is exactly what the Clerk should do . . . ."). In both cases, because the clerk did "exactly what the Clerk should do pursuant to CR 73.02(1)(b)," *id.*, the filing of the notice of appeal occurred after the expiration of

-3-

the 30-day window for doing so.  Consequently, we are compelled to reach the same result as in *Excel*, where the Kentucky Supreme Court said:

> a tardy notice of appeal is subject to automatic dismissal and cannot be saved through application of the doctrine of substantial compliance, . . . a policy decision that is reflected in CR 73.02.  This policy choice is necessary to preserve the finality of judgments.

*Id.* at 716-17 (citing *Johnson v. Smith*, 885 S.W.2d 944, 950 (1994)).

Appellant argues that electronic filing rules were nonexistent when *Excel* was rendered and that distinguishes this case.  Appellant's counsel argues that the Notice of Electronic Filing (NEF) which he received on the twenty-eighth day after the judgment shows he timely filed the notice of appeal and, under modern electronic filing rules, this should be legally sufficient under CR 73.02(1)(a).  We disagree.

In *Bruner v. Sullivan University System, Inc*., the appellant failed to pay the filing fee because of an alleged eFiling technical difficulty.  544 S.W.3d 669 (Ky. App. 2018).  This Court concluded that the additional eFiling factor made no difference and applied the analysis from *Excel*.  *Id.* at 671-72.  Although the Supreme Court has approved some minor modifications in the eFiling system since *Bruner*, those changes have no bearing on the analysis.  We follow that analysis here but cite to the current eFiling rules.

In essence, Appellant argues the NEF he received is tantamount to the clerk's admission that the notice of appeal was received, accepted, and filed on September 25, 2019, notwithstanding the failure to pay the fee. However, the NEF is merely "a notice automatically generated by the electronic filing system at the time a document is filed with the system, containing the date and time of filing in Eastern Time and an electronic hyperlink to the document filed." Kentucky Supreme Court Amended Order 2018-11, Section 5(17).

Conversely, the system's "Notification of Court Processing (NCP)" would have indicated whether the clerk accepted Appellant's notice of appeal because the NCP is "a notice automatically generated by the electronic filing system indicating that an eFiled document has been processed by the clerk. The NCP will indicate whether the filing has been accepted or rejected." *Id*. at Section 5(16). No NCP appears of record prior to the expiration of the 30-day window for filing a notice of appeal.

The only conclusion this Court can reach is that the notice of appeal in this case was not timely filed, and the appeal must be, and hereby is, DISMISSED.

ALL CONCUR.

ENTERED: _April 9, 2021___

_____
JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Mitchel Denham
Louisville, Kentucky

BRIEF FOR APPELLEE DEZMON
MOORE:

David Leightty
Louisville, Kentucky